## PACIFIC EXPRESS COMPANY v. J. W. SHIVERS.

Decided January 6, 1906.

**Personal Injuries—Master and Servant—Master not Owner of Premises—Liability.**

In a suit against an express company by an employe for personal injuries caused by a defective truck and a defective pavement where said employe was required to work, the express company could not relieve itself of liability by showing that the premises in question was not owned by defendant but by a railroad company, and that by the terms of a contract between defendant and said company it was the duty of the railroad company to keep said premises in repair.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*J. M. McCormick,* for appellant.—An express company doing business at and over the tracks of a railway company, which can not repair or build the tracks or crossings over which the servant is required to pass in the discharge of his duties, does not owe to the servant the duty to see to the condition of said premises as to safety. The liability as well as the duty rests with the railway company. The servants of the express company come on the premises by the invitation of the railway company and the railway company owes to such servants the duty to keep places where such persons may ordinarily be expected to go, in reasonably safe condition and is liable to them for negligence if it fails to do so. 23 Am. and Eng. Ency. of Law, 733, and note 2.

*R. L. Carlock,* for appellee.—The defendant owed to the plaintiff, its employe, the duty of exercising ordinary care to provide him with a reasonably safe place in which to perform the duties of his employment. This duty was one of primary obligation. It could not be evaded or

transferred and was one of the nonassignable duties of an employer. The defendant could not protect itself against liability to the plaintiff for the failure to perform such duty by attempting to shield itself behind the negligence or the contractual obligation of any third person. 1 S. & R. on Neg., 5 ed., sec. 196, 204, 205; Gulf, C. & S. F. Ry. Co. v. Delaney, 22 Texas Civ. App., 427; Texas & P. Ry. Co. v. Fenwick, 78 S. W. Rep., 548; Missouri Pac. Ry. v. Jones, 75 Texas, 153.

CONNER, CHIEF JUSTICE.—Appellee, R. L. Shivers, as the next friend of J. W. Shivers, a minor, instituted this action in June, 1904, to recover of the appellant the sum of $2,000 for damages alleged to have been sustained by said minor on account of personal injuries received by reason of appellant's negligence. So far as necessary to state, the negligence alleged was in substance, that said minor had been put to work in an unsafe place and with an unsafe truck, without warning him of the dangers of his employment. It was alleged that the truck, while being pulled by said minor over a dangerous crossing, was caused to violently deflect, whereby he was thrown with great force and injured.

The appellant answered with a general denial, pleas of contributory negligence and of assumed risk, and specially that the premises where the minor was injured, if at all, were the property of and under the exclusive control of the Texas and Pacific Railway Company.

The trial resulted in a verdict for plaintiff for $500, in which amount the judgment from which this appeal has been prosecuted was entered.

Numerous assignments of error have been presented, but none of them, we think, require discussion save those which involve a determination of the sufficiency of the evidence to sustain the verdict, and also perhaps one other involving the court's ruling upon the evidence.

Briefly stated, the evidence tends to show that J. W. Shivers was a minor between sixteen and seventeen years old; that at the time of his injuries he was employed by the appellant company as a member of what is designated a truck crew at the union station of the Texas & Pacific Railway Company, in the city of Fort Worth, Texas; that extending in an easterly direction from the depot there were some four or five tracks. Across these tracks, extending north and south, were at intervals paved crossings. On the occasion in question, J. W. Shivers, together with two other employees, was engaged in moving a heavily loaded truck from a train on the south track across to the appellant company's office, situated on the north of all the tracks. The crossing pavement or place where the work was being conducted was intended to be on a level with the top of the rails, but owing to the fact that several bricks lying lengthwise with the track had been removed, a hole several inches wide, deep and long existed, and while J. W. Shivers was pulling or guiding the tongue, and the others were pushing said truck over this crossing one of the fore wheels dropped into the depression described, causing the tongue of the truck to suddenly swerve to one side, knock said minor down, break his arm and injure him. There was also evidence tending to show that the truck was an old one; that the kingbolt and axles were worn, whereby the horizontal motion of the tongue was increased. J. W. Shivers testified to several months experience in this kind of work, but denied knowledge of any defect in the truck and

denied having noticed the hole or depression named and denied recollection of ever having used the particular crossing before.

The evidence, we think required of the court a submission of the issues to the jury. While there was evidence tending to support appellant's pleas of contributory negligence and of assumed risk, it was as a whole conflicting and the issues thereby presented were not only for the jury, but also sufficient to support the jury's finding in appellee's favor on such issues. Appellant's peremptory instruction to find for it was therefore properly refused.

Complaint is also made of the action of the court in withdrawing the contract between the appellant company and the Texas & Pacific Railway Company. By this contract appellant sought to show that the duty of keeping in repair the premises in question devolved upon the Texas & Pacific Railway Company and not upon appellant; but we are of the opinion that appellant can not thus be relieved of the duty of exercising ordinary care to provide a safe place at which it places its employes to labor. It was shown that appellant's agent having power to employ and discharge servants directed the performance of the duty undertaken in this instance; that he at least knew of the defect in the crossing which resulted in the injury for some time before the accident and had complained thereof to the agents of the railway company, and it seems quite obvious that appellant's reliance upon the Texas & Pacific Railway Company was at its own peril. (Gulf, C. & S. F. Ry. Co. v. Delaney, 22 Texas Civ. App., 427; Chicago, R. I. & T. R. R. Co. v. Rhodes, 10 Texas Ct. Rep., 205; Texas & P. Ry. Co. v. Fenwick, 78 S. W. Rep., 548; Missouri Pac. Co. v. Jones, 75 Texas, 153.)

The charges given and refused have been examined, but we find no material error in respect thereto as urged, and believing that the evidence fully supports the material allegations of plaintiff's petition, the judgment is in all things affirmed.

*Affirmed.*

Writ of error refused.