J. MELASKY V. J. M. JARRELL.

Decided October 19, 1910.

**Evidence—Landlord's Lien—Waiver—Consent to Sell.**

On the issue of waiver by the landlord of his lien on crops raised by the tenant by consenting that the latter sell the cotton raised, he agreeing to deposit the landlord's part to his credit in bank, but not doing so, and the proof conflicting as to such consent being given, the defendant purchaser should have been permitted to show other sales of cotton by the tenant with deposit to the landlord's credit of his proportion of the proceeds and the landlord's acceptance of same, though such other sales were made after that of the cotton in question and after suit begun by the landlord to enforce his lien against it. Such evidence tended to support the purchaser's claim of waiver of the lien by consent of the landlord to the sale.

Appeal from the County Court of Williamson County. Tried below before Hon. T. J. Lawhon.

*W. A. Barlow,* for appellant.

*Richard Critz* and *Wilcox & Graves,* for appellee.—Mere fact that the tenant sells a few bales of cotton in the market will not constitute a waiver of the landlord's lien. Antone v. Miles, 47 Texas Civ. App., 289; Bivins v. West, 46 S. W., 112; Sanger v. Magee, 29 Texas Civ. App., 397; Johnson v. Kleinsmith, 33 Texas Civ. App., 236.

Acceptance by the landlord of a part of the proceeds of other cotton did not waive his right to sue for conversion. Zapp v. Johnson, 87 Texas, 641; State v. Robb-Lawrence Co., 16 L. R. A. (N. S.), 227.

KEY, CHIEF JUSTICE.—J. M. Jarrell instituted this suit in a justice of the peace court, making I. H. Wright and J. Melasky defendants. The plaintiff alleged that Wright was his tenant, and cultivated and made a crop on the rented premises during the year 1907; that during said

year Wright raised certain bales of cotton on the premises upon which the plaintiff had a landlord's lien to secure the payment of advances made to Wright; and that Wright sold and delivered the cotton to the defendant Melasky, who converted it to his own use and thereby became liable to the plaintiff for the amount of his debt against Wright. The plaintiff recovered against both defendants in the Justice's Court and Melasky alone appealed the case to the County Court, where upon trial the plaintiff again recovered against both defendants and Melasky has prosecuted an appeal to this court.

We sustain the first assignment of error and reverse the case, because the court refused to permit Melasky to prove by the witness White that the plaintiff's tenant Wright, subsequent to the sale of the four bales of cotton in controversy, had sold other cotton and paid to the plaintiff part of the proceeds of such other sales. The tenant Wright testified that while he was gathering the first bale of cotton and before he had made any sale, the plaintiff asked him if he was going to sell the cotton or hold it, and where he was going to sell it; that he replied that he was going to sell it at Taylor, and the plaintiff instructed him to deposit the rent money in the Taylor National Bank. Wright further testified that before selling the four bales of cotton involved in this suit, he sold three or four other bales, all of which were sold in Taylor, except one; that he sold the four bales in controversy to the defendant Melasky in the town of Taylor on December 5, 1907, and that he deposited the rent money for all the bales sold in Taylor in the Taylor National Bank, as directed by plaintiff, and that White, the plaintiff's agent, having authority to act for the plaintiff, and knowing that he had made such sales, settled with him for rent and accepted the money so deposited in the Taylor National Bank. He also testified that neither the plaintiff nor his agent White had ever objected or forbade him selling the cotton and White had knowledge of the fact that he was selling it at different times. Mrs. Wright, wife of the tenant, gave testimony to the effect that a day or two before her husband sold the four bales of cotton in controversy to the defendant Melasky, the plaintiff stated to her, in substance, that Wright could sell the cotton wherever he desired. The plaintiff testified that he made no such statements as those testified to by Wright and his wife. The excluded testimony can best be shown by copying from the bill of exception:

"Be it remembered that on the trial of the above numbered and entitled cause, in this court on the 28th day of October, A. D. 1909, and while E. H. White, a witness for plaintiff, was on the stand, but on cross-examination by the defendant J. Melasky, the following proceedings were had, towit:

"The witness was handed a receipt and asked by attorney for Melasky if Mr. Church did not work for plaintiff, J. M. Jarrell, at his store at Laneport, during the year 1907, and that if the witness was not familiar with the handwriting of Mr. Church, that if the items in said receipt were not the same as the last two in the I. H. Wright rent account that

he had testified to, and that if these amounts were not deposited by I. H. Wright to Mr. Jarrell's account in the bank at Taylor, and if they were not accepted by Mr. Jarrell as rents on remnants of cotton sold by Wright in Taylor, and so accepted knowing that they had been sold by Wright? To all and each of said questions the plaintiff interposed objections on the ground that it appeared that these were transactions occurring after the sale of the four bales of cotton by Wright to Melasky, and after this suit had been filed, which four bales of cotton are the basis of this suit, and that any transaction or dealing between Wright and Jarrell, occurring after the sale of the four bales to Melasky, would be immaterial and inadmissible. In answer to these objections, the defendant J. Melasky stated that the purpose of the testimony was to show the dealings of the plaintiff with the tenant I. H. Wright, in permitting him to sell and dispose of the crop of cotton raised by·him on plaintiff's farm during said year, and upon the issue of plaintiff's implied consent for the tenant to sell the four bales of cotton to defendant Melasky, and for the purpose of showing ratification of all such sales so made by Wright by his accepting the proceeds of such sales. And that the defendant Melasky expected to show and could prove by the witness that said Mr. Church did work for plaintiff at his store at Laneport during such time, that Church in the absence of witness, attended to plaintiff's business, that this was a receipt given to I. H. Wright, signed 'J. M. Jarrell, by Church,' for certain rents which said Wright had paid to said Church for said Jarrell, and that the items on said receipt were the same as the last two appearing on the rent account, which the witness had testified to in his direct examination, that such rents were for remnants of cotton which Wright had sold and paid the rents in the same way that he did the rents from the four bales of cotton sold to Melasky, viz.: that he had deposited the same in the bank at Taylor. Which objections to said testimony so made by plaintiff were sustained by the court and the defendant was not permitted to prove by said witness any of said facts. To which action of the court in so sustaining said objections and in refusing to allow this defendant to prove such facts, the defendant J. Melasky then and there in open court excepted."

We think the court erred in excluding the testimony referred to. That a landlord may so act as to waive his lien upon the products of the rented premises, and thereby confer power upon the tenant to sell such products discharged from the landlord's lien, even without an express waiver, is well settled by the authorities. (Gilliam v. Smither, 33 S. W., 984; McCollum v. Wood, 33 S. W., 1087; Planters' Compress Co. v. Howard, 35 Texas Civ. App., 300, 80 S. W., 119; Planters Compress Co. v. Howard, 41 Texas Civ. App., 285, 92 S. W., 44.) In the case at bar, if the plaintiff expressly or impliedly authorized Wright to sell all the cotton raised on the rented premises in the open market in the town of Taylor, and instructed him to deposit his portion due for rent to the plaintiff's credit in the Taylor National Bank, the authorities cited hold that such con-

duct would strongly tend to show a waiver of his landlord's lien. It is true that the excluded testimony related to the sale of cotton by the tenant made subsequent to the sale of the four bales of cotton in controversy in this suit, but the defendant Melasky offered to prove, not only that the sales in question were made like all the others, but that the plaintiff, acting through his authorized agent, as he had done in reference to previous sales, accepted the rent money deposited to his credit in the Taylor National Bank. Although such transactions were subsequent to the one involved in this suit, and may have been subsequent to the institution of the suit, we think the defendant Melasky had the right to show that the plaintiff had accepted and appropriated to his own use the money so deposited in the bank for his benefit. If it could be held that as the sales referred to were made after the suit was instituted they are in the nature of self-serving conduct on behalf of the tenant Wright, an answer to that would be that plaintiff's agent, knowing that the sales had been made, accepted for the plaintiff the rent money which had been deposited in the bank. The excluded testimony tended to show a waiver of the lien as to the entire crop of cotton.

On all the other questions presented, we rule against appellant; but, for the reasons stated, and on account of the error referred to, the judgment is reversed and the cause remanded.

*Reversed and remanded.*