### BROD v. LUCE et al. (No. 6238.)

(Court of Civil Appeals of Texas. Austin. Nov. 3, 1920. Rehearing Denied Dec. 1, 1920.)

1. **Landlord and tenant ⬤⟝254(2)—Landlord who consented to sale of crop and received part of proceeds waived lien and ratified sale.**

A landlord, suing his tenant and purchasers of cotton on which he claimed to have a landlord's lien, who agreed to the sale of the cotton by his tenant, and also consented in advance to appropriation of so much of the proceeds as would be sufficient to satisfy a note which he and the tenant had executed to a bank secured by mortgage lien on all the crops, waived his lien, and by accepting part of the proceeds of the sale, which the tenant had deposited in the bank to his credit as rents, ratified the sale.

2. **Trial ⬤⟝351(2)—Issues not requested to be submitted to jury proper for findings by court.**

Where plaintiff did not ask that certain issues be submitted to the jury, they were proper for findings by the court.

3. **Costs ⬤⟝32(1)—Court authorized to adjudge costs of stenographer against plaintiff, though he obtained judgment against one defendant.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1932, 2035, 2048, the trial court is authorized in proper case to adjudge costs of the stenographer against even the successful party, as where the stenographer was demanded by a defendant as to whom plaintiff admitted in open court he had no case, even though it be conceded that plaintiff, who obtained judgment against another defendant, is to be regarded as the successful party within article 2035.

Appeal from Milam County Court; W. G. Gillis, Judge.

Suit by Ernest Brod against J. P. Luce and others. From judgment against defendant Luce for only part of the claims sued for, plaintiff appeals. Affirmed.

Chambers & Wallace, of Cameron, for appellant.

W. A. Morrison, of Cameron, for appellees.

BRADY, J. This is a suit by appellant against appellee Luce, as tenant, and the appellees, Slocomb and Weems, as purchasers of certain cotton upon which the appellant claimed to have had a landlord's lien to secure rents and advances made to the tenant. The case was tried upon special issues; and, upon the answers of the jury and the facts as found by the court, judgment was rendered in favor of appellant against Luce for $92.65, which represented only a part of the claims for which he originally sued. After the evidence was all in, appellant admitted that he had no case against Slocomb, who was shown by the proof to be merely the agent of Weems, and the court rendered judgment in favor of both Slocomb and Weems, and that the plaintiff take nothing against those defendants. The trial court taxed the costs of the stenographer, appointed by the court for the trial, against the appellant.

### Opinion.

There are but two assignments of error in the brief. The first involves the claim that the trial court erred in overruling appellant's motion to enter judgment in his favor against the defendant Weems; the assignment being based upon the theory that the tenant, Luce, had sold cotton, upon which appellant had a landlord's lien, without his consent, and after Weems had notice of that fact, and after appellant had filed this suit.

The judgment and the court's findings of fact and conclusions of law show that judgment was rendered in favor of Weems upon the theory that appellant had agreed to the sale of the cotton by his tenant, and had also consented in advance for an appropriation of so much of the proceeds of the crop as would be sufficient to satisfy a note which the landlord and tenant had executed to a bank, and which was secured by mortgage lien upon all the crops, which note was also to cover any other advances made to either the landlord or tenant by the bank. The judgment is also shown to have been based upon the idea that there was no evidence showing that all of the cotton purchased by Weems was of greater value than the amount of indebtedness due the bank, and that there was no showing that any more of the proceeds of the cotton had been used than were sufficient to satisfy the indebtedness to the bank. The conclusions of law further show that the judgment in favor of Weems was also based upon the theory that appellant, after the sale of the cotton in controversy to Weems, had accepted a part of the proceeds which the tenant had deposited in the same bank as rents, from time to time as the cotton was sold, to the credit of appellant; and that such conduct, together with the other facts, constituted a ratification by appellant of the acts of Luce in selling the cotton and of Weems in purchasing the same.

[1, 2] We have carefully examined the statement of facts, and, without detailing the evidence, we are of the opinion that there was sufficient evidence upon which to base the findings of the trial court, and to show that there had been a waiver of the landlord's lien by appellant, and a ratification

of the sale of the cotton. The testimony of Luce, Slocomb, and Weems, and the admissions of Brod himself, justified the findings of waiver and ratification, and show that the proper judgment was rendered. It does not appear that appellant asked that these issues be submitted to the jury, and they were therefore proper for findings by the court.

We think this case, upon the issues of waiver and ratification, is controlled by the principles announced in Melasky v. Jarrell, 62 Tex. Civ. App. 337, 131 S. W. 856, and the cases cited therein.

[3] The second assignment of error presents the point also urged as fundamental error, that the trial court erred in taxing the costs of the stenographer against appellant, and that same should have been taxed generally. He relies upon article 1932, Vernon's Sayles' Statutes. This statute, in effect, authorizes either party to the suit to demand a stenographer, and expressly provides that the compensation of the stenographer shall be taxed as costs of the suit. If this article stood alone, the contention of appellant would probably be correct, but there are other articles affecting the question. Article 2035, Revised Statutes, provides that the successful party to the suit shall recover of his adversary all the costs expended or incurred therein, except where it is or may be otherwise provided by law. Article 2048 provides that the court may, for good cause to be stated on the record, adjudge otherwise than as provided in the preceding article of the chapter. Construed together, we think these various statutory provisions authorize the trial court, in a proper case, to adjudge the costs of the stenographer against even the successful party.

In this case the stenographer was demanded by Slocomb, as to whom appellant admitted in open court he had no case. If it should be conceded that appellant, who obtained a judgment against Luce, is to be regarded as the successful party within the meaning of article 2035, nevertheless the trial court had the discretion to adjudge such costs against him. This is a matter within the sound discretion of the trial judge, and his action will not be revised unless in case of clear abuse. The reason for his action appears of record, and we are unable to say that there was any abuse of discretion.

Believing that no reversible error has been shown, the judgment will be affirmed.

Affirmed.

### On Motion for Rehearing.

In his motion for rehearing, the appellant has urged the contention that the findings of fact by the trial court, in certain particulars, are in the face of the undisputed record facts, and also that his conclusions of law are contrary to the law of the case.

Treating the assignments of appellant as properly raising these questions, as we did on the original hearing, we are nevertheless of the opinion that they, at most, show that the trial court, in part, based the judgment upon wrong reasons. We think there is ample evidence in the court's conclusions of fact and in the record to sustain the judgment rendered, and we adhere to the view that it was the proper judgment in the case.

Appellant also insists that our holding is in conflict with the decision of the Court of Civil Appeals for the Sixth District, in Adams v. Paton, 173 S. W. 546. In considering this case originally, we carefully examined the case cited, and believed it inapplicable on the facts, although the writer omitted to discuss or refer to such case. We have again considered the decision, and believe it is clearly distinguishable from the instant case. There a peremptory instruction was given, and the court merely held that a landlord is not estopped from suing a purchaser for conversion, where he did nothing to induce the purchase, and where he did not know of it until after the application of the proceeds, which were accepted by the landlord in ignorance of the fact that they were the proceeds of crops sold by the tenant without his consent. The facts in the Adams Case show that the landlord testified that he had not only notified his tenant not to sell any cotton, but had forbidden him to do so, and also that there was evidence that the landlord was ignorant of the fact that the proceeds of the alleged converted cotton had been placed to his credit in bank, and same was withdrawn by him in ignorance of the fact that it was proceeds of his cotton. Justice Hodges, speaking for the court, emphasized the point that there was evidence showing these facts, and that such evidence made the issue one for the jury. He expressly stated that the facts distinguished the case from Melaskey v. Jarrell, cited by us in the original opinion.

Adhering to the view that this case was correctly decided by us on the original hearing, we overrule the motion for rehearing.

Motion overruled.