## HANKS v. FIRST STATE BANK OF KLONDIKE.   (No. 2929.)

(Court of Civil Appeals of Texas. Texarkana. May 15, 1924.)

Chattel mortgages 219—Sale of chattels by mortgagor ratified by mortgagee receiving part of proceeds, with knowledge.

Mortgagee of chattels, including cotton, by receiving from mortgagor, with full knowledge of the source from which it came, the balance that mortgagor had left from sale of the cotton after payments to landlord, ratified the sale, estopping it from thereafter asserting its mortgage lien on such cotton.

Appeal from District Court, Delta County; Newman Phillips, Judge.

Trial of right to property, levied on under writ of sequestration, between the First State Bank of Klondike, plaintiff, and H. F. Hanks, claimant. Judgment for plaintiff, and claimant appeals. Reversed and rendered.

Clark & Sweeton, of Greenville, and Patterson & Patterson, of Cooper, for appellant.
C. C. McKinney, of Cooper, for appellee.

HODGES, J.   In November, 1922, the appellee, the First State Bank of Klondike, filed a suit in the court below against D. T. Cummings to recover approximately the sum of $4,000, and to foreclose a chattel mortgage on certain personal property described in the pleadings, including eight bales of cotton. A writ of sequestration was procured and levied on the cotton above mentioned, which at that time had been sold and delivered to the appellant, H. F Hanks. An affidavit and claimant's bond were filed by Hanks, which were by the sheriff returned and filed in the district court, where the suit against Cummings was pending.

In the issues tendered under the direction of the trial court, the bank pleaded its mortgage, which had been properly filed for registration, and of which Hanks had constructive notice when he purchased the cotton. Hanks pleaded that the cotton was not subject to the writ: (1) Because it was sold by permission of the bank; (2) because the sale was afterwards ratified by the bank; (3) because the proceeds of the sale were properly applied to payment of the claims of a creditor holding prior liens upon the property.

In a trial of the right of property before the court, a judgment was rendered in favor of the bank, and Hanks has appealed.

The evidence shows that the eight bales of cotton in controversy were raised by Cummings during the year 1922, on premises rented by him from W. R. Hoard, who resided in Grayson county. The rental contract required Cummings to pay one-third of the grain and one-fourth of the cotton and cotton seed grown on the premises. At the beginning of the year 1922 Cummings owed his landlord the sum of $521.24, evidenced by a note due several months thereafter. Cummings also at that time owed the appellee bank the amount sued for when this writ of sequestration was issued. When the crop of 1922 matured and was gathered, Cummings sold the eight bales of cotton to the appellant, Hanks, for the sum of $978.25. The sale was made in the open market and the price paid was the fair market value of the cotton. With the money received from Hanks, Cummings paid his landlord $244.56, the amount of rent due out of that particular cotton, and the further sum of $512 on the note held by the landlord. The remainder, $221.69, he paid to the bank. In his findings the court says:

"I find that when the said D. T. Cummings received the money for the cotton in controversy from Hanks he went to the plaintiff's place of business at Klondike and explained fully to plaintiff's cashier the disposition he had made of the proceeds of the sale of said cotton; and that the plaintiff, with full knowledge of all the facts with reference to the proceeds of sale of said cotton, accepted out of the proceeds the sum of $221.69 and applied said sum as a credit on the said Cummings indebtedness to it, and has ever since retained said money."

The court further concluded that Cummings did not have authority from the bank to sell the cotton at the time and in the manner in which it was sold.

Judgment was rendered in favor of the bank for $332. In arriving at that sum, the court allowed as proper credits $221.69 paid by Cummings to the bank, $244.56 paid as rent to the landlord, and $198 of the sum paid to the landlord on the debt evidenced by the note for $521.24, previously referred to. The refusal to allow more of the amount paid on that note was based upon the finding that only $198 of that debt represented supplies for which the landlord held a prior lien.

Conceding that the court was correct in his conclusions upon that issue of fact, he was not correct in his conclusions of law upon the whole case. This is not a suit for conversion, but one to subject specific property in the hands of a purchaser to a prior mortgage lien. The controlling question is: Was the cotton subject to the writ? It was not, if the sale made by Cummings to Hanks had been authorized by the mortgage, or had been subsequently ratified by the latter. The court decided, upon testimony somewhat conflicting, that the mortgagee had not authorized the sale; but he further found that after the sale the bank received the sum of

$221.69 of the proceeds of that sale, with full knowledge of the source from which it came. This act was, in legal effect, a ratification of the sale, and estopped the bank from thereafter asserting its mortgage lien on that particular cotton. McCollum v. Wood (Tex. Civ. App.) 33 S. W. 1087; Planters' Compress Co. v. Howard, 41 Tex. Civ. App. 291, 92 S. W. 46; Melasky v. Jarrell, 62 Tex. Civ. App. 337, 131 S. W. 856; Adams v. Paton & Co. (Tex. Civ. App.) 173 S. W. 546; 21 C. J. pp. 1206, 1207.

This case is, in some respects, unlike that of Adams v. Paton above referred to. There the landlord sued the purchaser for conversion, and this court held that he was entitled to recover so much of the value of the cotton incumbered by the landlord's' lien as had not been paid over by the tenant. In this case the mortgagee undertakes to hold both the property and the proceeds of the sale.

The judgment will therefore be reversed, and judgment here rendered in favor of the appellant, Hanks.