**WOODSON v. WESTBROOK et ·al.**
**(No. 6844.)**

(Court of Civil Appeals of Texas. Austin. April 15, 1925. Rehearing Denied May 13, 1925.)

**1. Landlord and tenant** ⬤═262(5)—**Findings held to show that landlord waived his lien on crop.**

Finding by jury that landlord consented to sale of cotton by tenant, and that other cotton from same crop had been sold by tenant and rent deposited in bank to landlord's credit without objection by landlord, showed a waiver of landlord's lien on crop, and it was not necessary to submit question of intention to waive lien to jury.

**2. Principal and agent** ⬤═111(2)—**Conduct of landlord's agent and his agreement with tenant permitting tenant to sell cotton held binding on landlord.**

Where certain person was landlord's agent, with authority to rent farm, collect' rents, and to sell cotton or to hold it, and landlord accepted tenant's deposit in bank of rent from proceeds of sale of cotton without objection, *held* that conduct of agent and agreement with ,tenant permitting sale of cotton was binding on landlord.

**3. Evidence** ⬤═213(1)—**Offers to compromise not admissible in evidence.**

Offers to compromise suit are not admissible in evidence.

**4. Evidence** ⬤═155(5)—**Defendant held entitled to explain inadmissible evidence relating to offer of settlement introduced by plaintiff.**

Where inadmissible evidence, relating to execution of note alleged to have been offered to plaintiff to settle action, was first introduced in evidence by plaintiff, defendants had right to explain note, and show their connection with it.

**5. Appeal and error** ⬤═1050(2)—**Admission of evidence relating to offer of settlement, if error, held harmless.**

Admission of evidence relating to offer of settlement, which had no bearing on issues submitted to jury, and did not involve their findings, even if error, *held* harmless.

**6. Pleading** ⬤═362(2)—**Refusal to strike out allegations in answer to landlord's action that purchaser of cotton did not know of landlord's lien held proper.**

Where landlord's pleadings in action for conversion of cotton, charged conspiracy between tenant and purchaser of cotton raised by tenant, to defeat landlord's lien, with knowledge thereof, court properly refused to strike out allegation of purchaser's answer that he nei-

ther knew of lien nor of any fact or circumstance putting him on notice thereof.

Appeal from Milam County Court; Jeff T. Kemp, Judge.

Action by J. M. Woodson against T. O. Westbrook and another. Judgment for plaintiff for insufficient relief, and he appeals. Affirmed.

W. A. Morrison, of Cameron, for appellant. · Chambers, Wallace & Gillis, of Cameron, for appellee Slocomb.

BAUGH, J. T. O. Westbrook was the tenant of J. M. Woodson in Milam county, Tex., in 1920, renting on the customary basis of one-third and one-fourth of the crops grown by him. He raised about 30 bales of cotton that year and on or about January 10, 1921, sold the last 16 bales of it to B. Slocomb, but failed to pay Woodson the one-fourth rent out of it, and also failed to pay a balance of ·about $272, due as advances made him by Woodson to make the crop. Woodson thereupon sued Westbrook for his debt, the establishment and foreclosure of his landlord's lien, and Slocomb and C. A. Pitts & Co. for conversion of the cotton. Pitts & Co. were subsequently dismissed. The case was submitted to a jury on special issues as follows:

"Special Issue No. 1. Did the original contract between the landlord and tenant in this ·case authorize the sale by the tenant of the cotton grown upon the rented premises upon the open market at the· pleasure of the tenant?" To which the jury answered: "No."

"Special Issue No. 2. After the making of the original contract of rental, and before the sale of 16 bales to Slocomb, did the landlord specially consent that the tenant should sell the 16 bales of cotton in controversy upon the open market at the pleasure of the tenant?" To which the jury answered: "Yes."

"Special Issue No. 3. Of all sales of cotton made by defendant Westbrook, either personally or through his son; prior to the sale in .controversy, did defendant Westbrook or his said son either pay the rent due out of such sales ·to M. W. Price or deposit the same to plaintiff's credit in the First National Bank and deliver the deposit slips to said Price?" To which the jury answered: "Yes."

The court thereupon rendered judgment for plaintiff against Westbrook for $546.95, and that he take nothing against the defendant Slocomb. From this judgment Woodson has appealed. ·

Opinion.

We have read carefully the statement of facts, and, though there is some conflict in the testimony, principally between the witness Price, who was appellant's agent in the matter, and the defendant Westbrook, the jury resolved the conflict against appellant, and we will not disturb their finding. No good purpose would be served by setting out

─────────

the testimony here. Suffice it to say that it was sufficient to support the findings.

[1] Appellant contends, however, that he was entitled to a judgment against Slocomb under the findings, for the reason that his landlord's lien is a statutory lien, of which Slocomb was charged with notice, and that he had never waived his lien. It was not necessary to submit the question of the landlord's intention to waive his lien. Issues of fact were submitted to and found affirmatively by the jury which would have been construed by the courts to constitute a waiver by the landlord of his lien. The rule laid down in Gilliam v. Smither (Tex. Civ. App.) 33 S. W. 985, and expressly approved by Chief Justice Fisher of this court, was announced as follows:

"I find that, where the landlord authorizes, permits, acquiesces in, or ratifies the removal of such crops from the rented premises, by the tenant or any one else, for the purpose of sale in open market, he thereby waives his landlord's lien; and, in the event of a sale under such circumstances, the purchaser at such sale takes a good title."

This has also been approved in Melasky v. Jarrell, 62 Tex. Civ. App. 337, 131 S. W. 856, and Harris v. McGuffey (Tex. Civ. App.) 185 S. W. 1024. The evidence in the instant case also showed some 5 or 6 different sales of cotton from this same crop, either by Westbrook or his son, in the open market prior to the sale in question and the deposit by the tenant of the rent in the bank to the credit of the landlord without any objection on his part. See Melasky v. Jarrell, supra.

[2] Appellant also contends that Price, as his agent, had no authority to waive the landlord's lien. Appellant lived at Temple in another county. Both he and Price stated that Price was his agent, managed appellant's farm, with authority to rent same and collect the rents, with authority either to sell the cotton or to hold it. In addition, the rents on all cotton sold by the tenant prior to the 16 bales in question, and deposited to Woodson's credit in the bank had been accepted by him without objection to this method of disposing of the crop. See Brod v. Luce (Tex. Civ. App.) 225 S. W. 553, and Melasky v. Jarrell, supra. Under these facts and circumstances we think Price's conduct and agreement, under the broad discretionary power admittedly vested in him by Woodson, would be binding on Woodson as to his power and authority to permit Westbrook to sell the cotton in the open market.

[3-5] The next contention made by appellant relates to evidence admitted over his objection as to an unsuccessful effort to compromise this suit after same was instituted. It is well settled that offers to compromise a suit are not admissible in evidence. The evidence in this instance related to a note secured by a mortgage executed by Westbrook to Slocomb after suit was filed, to protect Slocomb against any loss he might suffer in case the suit was decided against him, the efforts of Slocomb to induce Woodson to accept this note in settlement, and correspondence between Woodson and Slocomb with reference thereto, and in which Woodson declined to accept the note unless indorsed in blank by Slocomb. The evidence was inadmissible and ordinarily should have been excluded. However, the matter of the execution of such note was first injected into the case by appellant himself, and, even after much of the inadmissible evidence had been introduced, plaintiff himself again went into the matter of the note, testified at some length concerning it and himself introduced some of his correspondence concerning it. The matter having been first brought into the case by appellant, the appellees had a right to offer such evidence as was necessary to explain the note and show their connection with it. In any event, however, this evidence does not appear to have had any bearing upon the issues submitted to the jury, nor to have influenced their findings thereon, and even if error was harmless. If no injury was done, and none appears in the instant case, its admission, if error, is not ground for reversal.

[6] In Slocomb's answer he alleged that he neither knew of any landlord's lien, nor of any fact or circumstance that would put him upon notice thereof. Appellant insists in his propositions 15 to 18 that such allegations should have been stricken out because such lien was statutory and he was charged with notice thereof. The trial court did not err in refusing to strike out same. Appellant, in his pleadings, had charged a conspiracy between Westbrook and Slocomb, "with full notice and knowledge of plaintiff's lien," to dispose of the cotton and to defeat his lien in so doing. Such answer, therefore, alleging good faith. ignorance of such lien, and denying specifically the charge of fraud, was clearly proper and not subject to exception.

Finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.