PLANTERS COMPRESS COMPANY v. J. D. HOWARD.

Decided March 26, 1904.

**1.—Landlord's Lien—Withdrawing Consent That Tenant Might Sell.**

In an action by a landlord against a purchaser from a tenant of cotton subject to the landlord's lien wherein there was evidence tending to show that, as part of the rental contract, it was agreed by plaintiff that the tenant might market and sell the cotton and pay the landlord his one-fourth rental in money, it was error for the charge to instruct the jury that plaintiff had the right in law to afterward revoke such consent and forbid the sale of the cotton without informing the defendant. A mere gratuitous consent might have been so withdrawn.

**2.—Same—Estoppel or Waiver of Lien.**

Evidence showing that defendant bought the cotton in ignorance of the fact that the seller was the tenant of plaintiff and of any consent on his part to the sale does not raise a question of estoppel as against the defendant, the question in the case being one of waiver or abandonment of the lien on the part of plaintiff.

Appeal from the County Court of Bosque. Tried below before Hon. B. J. Ward.

*Crane, Greer & Wharton,* for appellant.

*Lockett & Cureton* and *Robertson & Robertson,* for appellee.

SPEER, ASSOCIATE JUSTICE.—For cause of action, appellee, who was plaintiff below, sued appellant, alleging that his tenants, P. A. and A. J. Holt, had sold to appellant certain cotton upon which he had a landlord's lien to secure the sum of $293 due him for supplies and advances made to his tenants to enable them to make a crop. The sales to appellant were alleged to have been made without appellee's consent and over his protest. The appellant answered, among other things, that by the terms of the rental contract between appellee and his tenants, the said tenants were to gather and market the cotton and turn over to him one-fourth of the proceeds as rents on the land; and further that appellee had ratified the sale of said cotton and was estopped to assert his lien as against appellant.

We think the assignment complaining of the special charge given at the instance of appellee should be sustained. The charge is as follows: "At the request of the plaintiff the court instructs you that if you find from the evidence that the plaintiff at one time consented for said Holts to sell cotton, he had the right in law to afterwards revoke such consent and forbid the sale of the cotton, without so informing the defendant, and any sales of cotton made by said Holts, or either of them, to defendant, after plaintiff had revoked such consent, would be unauthorized by plaintiff and without his consent." This, of course, was tantamount to a withdrawal from the jury of the consideration of the issue tendered by appellant, that it was a part of the rental contract

that the tenants should sell the cotton in open market. We think the evidence tended to raise this issue, and the court therefore was not justified in giving the charge quoted. It is undisputed that at the time of entering into the rental contract nothing was said as to the time and manner of paying the rents. The tenant testified to the effect that he went to see appellee after he had commenced picking cotton, and asked him what about the rent. Appellee, to use witness' language, "asked me what I had been doing heretofore, and I told him that I had been selling cotton and leaving the rent where I sold the cotton. * * * He said to go ahead and do the best I could with it and pay him the one-fourth, that is to sell it and get as much as I could for it. He did not say anything about where to sell it, but said for me to bring him his rent. * * * I did not pay Howard regularly the rent as I sold the cotton. I believe I paid him rent for four bales at one time, but Howard received the money several times; whenever I would bring him the money. He did not make any objections to my selling the cotton. I do not know why he did not object to it. It was the contract for me to sell it, and he never did object. He told me to sell it and do the best I· could." True, this testimony is pointedly contradicted by appellee. And it is also true that before all the cotton had been sold appellee forbade his tenants removing or selling any more of the crop, and it is upon this testimony, we apprehend, the court gave the plaintiff's special charge. But we do not believe the charge announces a correct proposition of law. If it be true that the alleged agreement was made, as testified by the witness Holt, and that the same constituted a part of the rental contract, then we apprehend appellee would not have the absolute right to revoke or repudiate such agreement, as the charge in effect tells the jury. The mutual promises between the parties to such after-agreement might be sufficient to constitute a binding contract. It might be a mutual interpretation or making certain of the original contract in a particular upon which it was hitherto silent. Gammel Book Co. v. McCarty, decided by this court March 12, 1904.

Appellee insists that since appellant bought in ignorance of the fact that Holt was the tenant of appellee, and in ignorance of any alleged consent on the part of appellee to the sales, there is therefore no estoppel to assert the landlord's lien as against appellant, and authorities are cited in support of such contention. But we are of opinion that it is not a question of equitable estoppel, or estoppel in pais, but rather one of entire abandonment or waiver of the landlord's lien by appellee. See Gilliam v. Smither, 33 S. W. Rep., 984. It is also undisputed that appellee knowingly received from his tenants a part of the proceeds of the cotton sold to appellant. This fact itself tends to show a ratification by him of such sales. McCollum v. Wood, 33 S. W. Rep., 1087. Of course if appellee gratuitously offered to ·allow his tenant to

sell cotton upon which a landlord's lien existed in his favor, and such permission in no way constituted a part of the rental contract, then he would undoubtedly have the right to withdraw such authority at any time before the sale was actually consummated. But, as before stated, under the facts of this case we think the charge given was erroneous.

The judgment is therefore reversed and cause remanded for another trial.

*Reversed and remanded.*