KEAHEY v. BRYANT et al.

(Court of Civil Appeals of Texas. Jan. 25, 1911. Rehearing Denied Feb. 15, 1911.)

1. TRIAL (§ 68*)—REOPENING CASE FOR FURTHER TESTIMONY—DISCRETION.

It was not an abuse of the sound discretion of the court, under Rev. St. 1895, art. 1298, as to admission of evidence, to refuse admission of testimony, not in rebuttal, offered after the evidence had been closed, and as to an immaterial matter.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 158–163; Dec. Dig. § 68.*]

2. ACTION (§ 65*)—MATTERS ARISING AFTER COMMENCEMENT OF ACTION.

Evidence that after the commencement of the action for rent, in which a distress warrant was levied on crops of the tenant, such tenant made a fictitious transfer of his steam plow is immaterial.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 735, 736; Dec. Dig. § 65.*]

3. TRIAL (§ 253*)—INSTRUCTIONS—IGNORING ISSUE.

A requested instruction, having the effect of ignoring an issue raised by the evidence, is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

4. LANDLORD AND TENANT (§ 254*) — LANDLORD'S LIEN—WAIVER.

Where a landlord agrees with her tenant, as an essential part of the rent contract, that he shall have right and authority to sell the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

crops and pay her her part thereof, and recognizes the agreement by permitting him to sell parts of the crop and by accepting her share from him, there is a waiver of the landlord's lien, which question of waiver is not affected by there being no one before the court claiming the crop.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1034–1044; Dec. Dig. § 254.*]

5. JUSTICES OF THE PEACE (§ 191*)—APPEAL—LIABILITY OF SURETIES ON BOND.

Under Rev. St. 1895, art. 1670, requiring the amount of the bond on appeal from a justice to the county court to be in double the amount of the judgment, which means in double the amount of the judgment exclusive of costs, the sureties, on affirmance of the judgment, are liable not only therefor, but for the costs of the justice court, only, however, to the amount of the bond, with which limitation the agreement of the bond, that the sureties shall pay off and satisfy any judgment rendered against their principal, is to be construed.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 735–750; Dec. Dig. § 191.*]

Appeal from Uvalde County Court; T. M. Milam, Judge.

Action by A. F. Keahey against Albert Bryant and others. From an adverse judgment, plaintiff appeals. Affirmed.

Martin, Old & Martin and J. O. Rouse, for appellant. G. B. Fenley and C. Lawrence, for appellees.

FLY, J. Appellant instituted this suit against Albert Bryant in the justice's court to recover rent and advances in the sum of $60.20, and also sued out a distress warrant and levied it on four bales of cotton. T. J. Lane & Co., Kessler & Sons, and J. F. Heard intervened in the suit, claiming that they had purchased the cotton. Appellant amended her affidavit for the distress warrant, claiming $175.30 instead of the original sum sued for. Appellant obtained judgment in the justice's court for $67.15, and a foreclosure of the landlord's lien on the cotton, and Bryant appealed from the judgment to the county court. His sureties were John Bryant, A. J. Kessler, and J. S. Monkhouse. In the county court the distress warrant was quashed. It seems that the interveners sought to appear in the county court, although they had not appealed from the judgment in the justice's court and had filed no appeal bond, and were not included in the appeal bond made by Albert Bryant, and upon motion they were dismissed from the suit. The cause was tried in the county court, and resulted in a verdict in favor of appellant for $66.57, and that the landlord's lien did not exist. The court rendered judgment against Albert Bryant and his sureties for the amount found by the jury and for all costs of the justice's court, and against appellant as to the landlord's lien and for all costs incurred in the county court. Appellant and the sureties have perfected separate appeals from the judgment.

Appellant testified fully that she desired that an item of $75 for wood should be placed in her original account, but that her attorney refused to place it in the account, because he did not think it proper in an account for advances of supplies, and this accounted for her amendment of her affidavit for a distress warrant. She was uncontradicted, and no question seems to have been made of the truthfulness of her statement, and while the testimony of the attorney she had at that time would have been permissible, we do not think that the matter was material, and therefore overrule the first assignment of error, which is based on the rejection of the testimony after the parties had closed their evidence. The evidence had been closed at the time the testimony of the attorney was offered, and the court exercised a discretion in not reopening the case, which under the circumstances cannot be condemned. The testimony offered was not in rebuttal, and the admission of it was within the sound discretion of the trial judge. Article 1298, Rev. St. 1895.

The fact that Bryant made a fictitious transfer of his steam plow, valued at $2,500, to another after he was sued in this case was not material and had no bearing upon the issues, and was therefore properly rejected.

An issue as to a waiver of the landlord's lien on the part of appellant was raised by the evidence, and it would have been improper for the court to have ignored the issue, as would have been the case had the first charge requested by appellant been given. Appellant recognized the issue of waiver in another requested charge, which was given by the court. To have instructed the jury to find that a landlord's lien existed, if any sum was found to be due appellant, would have been in the face of the facts, and would have been error. Compress Co. v. Howard, 35 Tex. Civ. App. 300, 80 S. W. 119. The facts in the case last cited were that the landlord had agreed in his rental contract that the tenant should sell the crop and pay one-fourth of the proceeds to the landlord, and it was held that the agreement constituted a waiver of the landlord's lien. The facts are very similar to those in this case; there being evidence that appellant agreed with Bryant, as an essential part of the rental contract, that he should have the right and authority to sell the crops and pay appellant her part of it, and that she had recognized the agreement by permitting him to sell parts of the crop and by accepting her share from him. The fact that there was no one before the court claiming the cotton would not affect the waiver of the lien. We conclude that the evidence supports the verdict.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

The appeal bond given by Bryant in the justice's court was for $136, a little in excess of double $67.15, the amount of the judgment. The statute (article 1670, Rev. St.) requires the appeal bond to be in double the amount of the judgment, and in the case of Yarbrough v. Collins, 91 Tex. 306, 42 S. W. 1052, the Supreme Court held that double the amount of the judgment did not mean double the amount of the judgment and costs. The appeal bond to the county court was therefore a statutory one, and would render the sureties, in case of a judgment against their principal in the county court, liable for the amount of that judgment to the full amount of the $136, if that be required to pay the judgment and costs. The county court, however, rendered judgment against the sureties for the amount of the verdict in appellant's favor, together with all costs of the justice's court, which, it appears, amount to $218.45; the whole judgment rendered in the county court amounting to $285.02, based on an obligation to pay $136.

While the appeal bond from the justice's court is to be only in the sum of double the amount of the judgment, it was evidently intended to cover the costs of the justice's court, and to render the sureties liable for the same, to the extent of any sum within the amount they have contracted to pay; that is, they would be liable for the whole amount they had bound themselves to pay in case the judgment of the county court was against their principal for that much. Usually a bond in double the amount of the judgment in a justice's court will secure the judgment and costs upon appeal, and the statute was enacted upon that assumption. The amount provided for is inadequate, however, where, in a case like this, the amount of the judgment is considerably less than one-third of the costs. For this inadequacy in the amount of the appeal the sureties cannot be held liable, for they have contracted and cannot be forced to pay any more than they contracted to pay. It is true they contracted to pay off and satisfy any judgment rendered against their principal, but it must be within the limits of the amount for which they bound themselves. There was no obligation to pay more than $136, which was, at least, double the judgment in the justice's court. It was error to render judgment against the sureties for any amount greater than the amount of the appeal bond. Hendrick v. Cannon, 5 Tex. 248; Martin v. Sykes, 25 Tex. Supp. 197.

The judgment will be reformed, so as to render the sureties liable for the judgment against Albert Bryant and for the costs of the justice's court for any sum which, together with the judgment of the county court, will not exceed $136, and, as reformed, it will be affirmed.