HARRIS et al. v. McGUFFEY. (No. 1633.)

(Court of Civil Appeals of Texas. Texarkana. April 20, 1916.)

1. LANDLORD AND TENANT ☞223(1)—ACTION —PAYMENTS.

In a landlord's action against his tenant, where the tenant claimed a set-off of certain amounts against the landlord, who admitted payment on an item of $4.50, instead of $4.97, as claimed by the tenant, the court should have allowed the amount so admitted as a credit in favor of the tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 885; Dec. Dig. ☞223(1).]

2. LANDLORD AND TENANT ☞252(1)—LANDLORD'S LIEN—JUDGMENT.

In a landlord's action against his tenant, and against third parties for the value of cotton grown by the tenant on which the landlord claimed a lien, where it appeared from the contract and from the landlord's letters that the tenant was authorized to sell the cotton purchased by such third parties, they were not guilty of a conversion when they bought and used it.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1002, 1022; Dec. Dig. ☞252(1).]

Appeal from Henderson County Court; C. D. Owen, Judge.

Action by R. M. McGuffey against C. Harris, W. A. Owenby, and J. W. Caldwell. Judgment for the plaintiff against defendant Harris for $141, and against defendants Owenby and Caldwell for $93.85, and defendants appeal. Judgment against Owenby and Caldwell reversed, and judgment rendered that plaintiff take nothing against them, and judgment against defendant Harris reformed and affirmed.

W. R. Bishop and A. B. Coker, both of Athens, for appellants. Miller & Miller and Frank Faulk, all of Athens, for appellee.

WILLSON, C. J. Appellee, plaintiff in the courts below, sought a recovery (1) against appellant Harris, alleged to be his tenant, of $91 as rent due for land he let to Harris, and of $104.82 for supplies he alleged he furnished Harris to enable him to make, secure, and market crops grown on the land, and (2) against appellants W. A. Owenby and J. W. Caldwell of $93.85, alleged to be value of cotton grown by Harris on which appellee claimed a landlord's lien, and which he claimed Owenby and Caldwell purchased of Harris and converted to their own use. The appeal is from a judgment in appellee's favor (1) against Harris for $141, and (2) against Owenby and Caldwell for $93.85.

[1] The trial court found that Harris was to cultivate the land "on the halves," and owed appellee $66.88, the value of his part of crops grown on the land, and $86.22 for supplies furnished—a total of $153.10, against which he allowed Harris credits he claimed amounting to $12.10. The court refused to allow other items which Harris claimed a right to have set off against the sum found to be due by him to appellee. Among these items was one for $4.97, part of the proceeds of a sale of cotton grown on the land made by Harris, which he alleged he paid to appellee. The latter, testifying as a witness, admitted the payment, but said it was $4.50 instead of $4.97. The court should have allowed the amount so admitted to have been paid as a credit against the $66.88 he found to be the value of appellee's part of the crops. The judgment in appellee's favor against Harris will be so reformed as to give him the benefit of the payment. On the record before us we think Harris' contention as to the other credits claimed by him and refused by the court should be overruled.

[2] So far as the judgment is in appellee's favor against appellants Owenby and Caldwell, it is clearly wrong. Harris, by the terms of the contract between him and appellee, and also by letters the latter wrote him, was authorized to sell the cotton purchased by Owenby and Caldwell, and therefore they were not guilty of a conversion thereof when they bought and used it, as found by the court. Gilliam v. Smither, 33 S. W. 984; Planters' Compress Company v.

Howard, 80 S. W. 119; Keahey v. Bryant, 134 S. W. 409.

The judgment, so far as it is in favor of appellee against Owenby and Caldwell, will be reversed, and judgment will be here rendered that appellee take nothing against them; and so far as it is in appellee's favor against Harris, will be so reformed as to adjudge a recovery by appellee of the sum of $136.50, instead of $141, and as so reformed will be affirmed.