**KNIGHT et al. v. BARTON et al.**

No. 8614.

Court of Civil Appeals of Texas. San Antonio.

May 6, 1931.

Rehearing Denied May 27, 1931.

Osce Fristoe, of Harlingen, for appellants.

Jno. C. Myrick and Homer Maxwell, both of Harlingen, for appellees.

**FLY, C. J.**

This suit was instituted by appellants against appellees to recover the sum of $1,023.16, as against B. P. Barton, $111.69 as against the Texas Cotton Co-operative Association, and $667.90 against Sam Botts and First National Bank of Harlingen. The claims are based on a sum of money alleged to be due by Barton as rental for thirty-nine acres of land for the year 1930. The other claims grew out of sales of cotton by Barton which had been raised on appellants' land on which they claimed a landlord's lien.

The cause was tried without a jury and judgment for the claim of $1,023.16 rendered against Barton, and $111.69 against Texas Cotton Co-operative Company, and judgment for the same amount rendered against Barton in favor of the association. Judgment was rendered in favor of Botts and the bank on the ground that appellants had waived their landlord's lien.

Barton had been a tenant of Mrs. Knight, who claims the land as her separate estate, for eight years, up to and including 1930. He had exercised absolute control over the land, raising, gathering, and selling the crops without molestation or interference upon the part of Mrs. Knight. She admitted this and said it did not matter to her what he did with the crops, so long as he paid her rent. She did not even know what crops he was raising. The rent was fully paid up to 1930, and, when Barton failed to remit the rent for that year, in August she, for the first time, went to the valley and instituted this suit.

Botts pleaded facts showing waiver of rights under the landlord's lien, and he and Mrs. Knight fully sustained the pleadings. She had for eight years permitted Barton to handle the crops as though they were not subject to any lien and the community, without let or hindrance, dealt with him without having any notice that Mrs. Knight would or could at any time object to the disposal of the farm products. She is assuredly estopped now from holding Botts and the bank liable for any cotton purchased from Barton.

There was no error in the judgment as to Botts and the bank. The cotton association has presented no objection to the judgment against it.

There is no merit in this appeal, and the judgment is affirmed.