COLEMAN PRODUCTION CREDIT ASS'N,
Inc., v. MAHAN et al.
No. 2331.

Court of Civil Appeals of Texas. Eastland.

Feb. 12, 1943.

E. M. Critz, of Coleman, and G. E. Velt-mann, of Houston, for appellant.

Callaway & Callaway, Wilkinson, Johnson, Griffin & Bohannon, J. C. Darroch, and Woodruff & Holloway, all of Brownwood, for appellees.

GRISSOM, Justice.

Coleman Production Credit Association, Inc., sued S. M. Coke on a promissory note and to foreclose its chattel mortgage lien on certain live stock. G. B. Bohannon, Oliver Steel, Bryan Baxter, Rex Mahan and W. L. Mahan were also made defendants and plaintiff charged that they purchased live stock from Coke which was covered by plaintiff's mortgage and thereby converted said live stock. Several defendants not named above compromised and settled with plaintiff; others were not served with citation and were dismissed from the suit. The named defendants (other than Coke, who did not appear and contest plaintiff's suit), among other things, asserted that plaintiff, by its course of dealing over a period of several years with the mortgagor Coke in permitting Coke to sell live stock covered by plaintiff's mortgages in the open market to whomsoever he pleased, and by looking alone to Coke, and relying upon him to make payment to plaintiff for the animals sold, as against said purchasers, waived its mortgage lien. The jury found that plaintiff consented to the sales by Coke to the named defendants; that in the course of dealing between Coke and plaintiff, plaintiff permitted Coke to sell live stock covered by its mortgages in the open market to persons of his choice, and that in such course of dealing between said mortgagor and mortgagee, plaintiff relied wholly and solely on Coke to properly account and make proper application of the proceeds from the sales by Coke to others of live stock covered by plaintiff's mortgages.

The Court rendered judgment for plaintiff against Coke but decreed that plaintiff take nothing as against the other named defendants. Plaintiff has appealed.

Plaintiff presents its contention in several ways that the judgment should be reversed and rendered. Practically all of such contentions rest upon the theory that there was no evidence to support the de-

904

fense that plaintiff, by its course of dealing with its mortgagor, Coke, waived its mortgage lien. After careful consideration of the entire statement of facts, we conclude that the evidence raised the question of waiver and the issues submitted to the jury. 41 Tex.Jur. 1041.

Waiver "* * * may consist of such conduct as warrants an inference of the relinquishment of a right." 43 Tex. Jur. 891. "* * * the better view is that waiver is essentially unilateral in its character, resulting as a legal consequence from some act or conduct of the party against whom it operates, and that no act of the party in whose favor it is made is necessary to complete it." 43 Tex.Jur. 897.

Under fact situations similar to that shown, or found by the jury, in the instant case the courts have upheld a finding of waiver of a lien. Knight v. Barton, Tex.Civ.App., 38 S.W.2d 1107, writ refused; Jarrell-Evans Dry Goods Co. v. Allen et al., Tex.Civ.App., 229 S.W. 920; Hodge v. Fly, Tex.Civ.App., 105 S.W.2d 778; Gilliam v. Smither, Tex.Civ.App., 33 S.W. 984; Harding v. San Saba National Bank, Tex.Civ.App., 13 S.W.2d 121, 122, writ dismissed; Lumberman's National Bank v. Bush & Witherspoon Company, Tex.Civ.App., 247 S.W. 295, 298, writ refused; Daggett v. Corn, Tex.Civ.App., 54 S.W.2d 1098, writ dismissed; Hogg v. Magnolia Petroleum Co., Tex.Com.App., 267 S.W. 482, 485; Oats v. Dublin National Bank, 127 Tex. 2, 90 S.W.2d 824, 828; Farmers' Nat. Bank v. Dublin Nat. Bank, Tex.Civ.App., 55 S.W.2d 567, 570; Equitable Life Assurance Society of United States v. Ellis, 105 Tex. 526, 539, 147 S.W. 1152, 152 S.W. 625. See, also 14 C.J.S., Chattel Mortgages, § 262, pp. 874, 879; 11 C.J. 624.

We have given careful consideration to plaintiff's further contention that the Court erred in its definition of consent. Plaintiff says there was no evidence of consent. We think the evidence was sufficient to raise the question of implied consent. There was no evidence of express consent. We do not think it follows that reversible error was committed by the Court in defining consent as follows:

"The word 'consent', as used herein, means an agreement on the part of two or more parties that a thing may be done which is prohibited in the absence of such agreement. Consent may be either express or implied.

"Express consent is that expressed by voice or in writing.

"Implied consent is that which is manifested by signs, actions or facts, or by inaction or silence from which consent to do a thing otherwise prohibited might be implied." We do not believe that such definition was reasonably calculated to cause the jury to believe that the Court thought there was evidence of express consent and consequently cause them to answer the issues as they did.

All points have been considered and are overruled. The judgment is affirmed.