## PRICHARD v. FARMERS CO-OP. SOC. NO. I OF MERKEL.

### No. 2469.

Court of Civil Appeals of Texas. Eastland.

Sept. 29, 1944.

Rehearing Denied Oct. 27, 1944.

Smith & Smith, of Anson, for appellant.

Wagstaff, Harwell, Douthit & Alvis and Scarborough, Yates & Scarborough, all of Abilene, for appellee.

GRISSOM, Justice.

Roy E. Prichard, administrator of the estate of C. A. Bickley, deceased, sued J. W. Love and Farmers Co-Operative Society No. 1 of Merkel, Texas, a gin company, for conversion of 10 bales of cotton and the seed therefrom. Tersely stated, it was plaintiff's contention that Love, who was the tenant of C. A. Bickley, produced 40 bales of cotton on Bickley's farm in 1941; that he failed to pay the rent to his landlord, and that the defendant gin company purchased 10 bales of cotton from Love on which Bickley had a landlord's lien, and that Love, and the gin company converted said cotton. Love filed no answer. The gin company alleged that Bickley authorized his tenant, Love, to sell the cotton freed of the landlord's lien, and that Bickley had waived his lien.

The trial was to the court. Judgment was rendered for Prichard, administrator, against Love for $768.91, but that plaintiff take nothing against the gin company. Plaintiff has appealed from that part of the judgment denying recovery against the gin company.

Plaintiff's first point is that the court erred in refusing to render judgment against the gin company because plaintiff alleged a cause of action against. the gin company for conversion and the evidence showed conclusively that the gin company purchased the cotton from Love.

If Bickley authorized his tenant to sell the cotton freed of the landlord's lien, of course the gin company is not guilty of conversion. If the court believed from the evidence that for 14 years Bickley had permitted Love to remove cotton from the rented premises and sell it in the open market and depended upon Love to deposit to Bickley's credit in a local bank one-fourth of the proceeds of such sales, he may have concluded that the landlord waived his lien. Under such circumstances the gin company would not be guilty of conversion. There is evidence which would sustain such findings. Love testified by deposition taken and introduced by plaintiff: "For 14 years I rented from Bickley and had instructions to sell the crop and deposit his rent in the bank." There are no findings of fact or conclusions of law in the record. This court is required to presume that the trial court found the facts necessary to support the judgment. The facts indicated constitute ample support for the judgment. See Gilliam v. Smither, Tex.Civ.App., 33 S.W. 984; Melasky v. Jarrell, 62 Tex.Civ. App. 337, 131 S.W. 856; Planters' Compress Co. v. Howard, 35 Tex.Civ.App. 300, 80 S.W. 119; Coleman Production Credit Ass'n, Inc. v. Mahan, Tex.Civ.App., 168 S.W.2d 903; Knight v. Barton, Tex.Civ. App., 38 S.W.2d 1107, writ refused; Jarrell-Evans Dry Goods Co. v. Allen, Tex.Civ. App., 229 S.W. 920; Woodson v. Westbrook, Tex.Civ.App., 272 S.W. 821; Harris v. McGuffey, Tex.Civ.App., 185 S.W. 1024; and 27 Tex.Jur. 93.

The gin company called Love to the witness stand and elicited from him testimony to the effect that he was a tenant on the Bickley farm for 14 years; that he had a lease agreement with Bickley; that for many years Love had sold the cotton produced on the Bickley farm in the open market; had received checks for the cotton; took the checks to a Merkel bank and left one-fourth to the credit of the landlord and three-fourths to his own credit; that the checks were payable to Love and endorsed by him; that Bickley never objected to this method of handling the crops and rent; that either Love or his wife would take the checks, given in payment for the crops produced on the Bickley farm by Love, to the local bank and have the bank issue deposit slips dividing the proceeds as heretofore stated; that this was the custom

of handling the cotton for 14 years. That Bickley lived in Oklahoma. Such testimony was admitted over plaintiff's objection that it was in violation of Art. 3716. Said article provides, so far as it may be applicable here, that in actions by administrators in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, unless called to testify thereto by the opposite party.

■ Plaintiff took the deposition of the defendant Love. Prior to the introduction of any testimony by defendants, plaintiff introduced a portion of Love's deposition. Included in the portion introduced by plaintiff are the following questions by the plaintiff and answers by the defendant Love:

"6. Q. It is a fact, is it not, that you left 10 bales of cotton at the Farmers Co-Operative Society No. 1 gin at Merkel, Texas, during the fall of 1941 to be held there as rent cotton from the Bickley farm out of the 1941 crop? A. No."

"7(g). Q. State the name and address of each person or persons or companies that you sold the 10 bales of cotton to and the seed out of the 10 bales of cotton from the Bickley farm and being the same 10 bales of cotton that you left as rent cotton at the Farmers Co-Operative Gin? A. I didn't leave the 11 bales of cotton at the Gin as rent. I sold the 11 bales to the Farmer's Co-Op Gin at Merkel. *For 14 years I rented from Bickley and had instructions to sell the crop and deposit his rents in the bank.*" (Italics ours.)

The administrator, by taking Love's deposition and introducing it in evidence, called Love to testify within the meaning of Art. 3716. Jackson v. Jones, 74 Tex. 104, 110, 11 S.W. 1061; Allen v. Pollard, 109 Tex. 536, 212 S.W. 468; 14 Tex.Jur. 329; Texas Law of Evidence (McCormick & Ray) p. 244. Appellant says that the italicized portion of Love's answer to question 7(g) in his deposition was not responsive to the question asked. Whether or not Love's answer was responsive became immaterial when plaintiff introduced it in evidence. See Walkup v. Stone, Tex.Civ.App., 73 S. W.2d 912; Cox v. McClave, Tex.Civ.App., 22 S.W.2d 961; Runnels v. Belden, 51 Tex. 48; Himes v. Himes, Tex.Civ.App., 55 S.W. 2d 181, and Texas Law of Evidence p. 245. Since defendant Love was called to testify by plaintiff as to transactions with deceased,

the court did not err in permitting Love to testify fully as to such transactions in answer to the questions propounded by the gin company.

■■ Mrs. Love was called to the stand by the gin company and testified in substance that she sometime got the checks given to Love for crops produced on the Bickley farm, took them to the local bank, endorsed them and deposited three-fourths to Love's account and one-fourth to Bickley's account. Assuming that such testimony relates to a transaction with deceased, we are not authorized to reverse the judgment on account of its introduction. The trial was to the court, and, in the absence of a showing to the contrary, we are required to presume that the court did not consider inadmissible testimony. 41 Tex. Jur. 1247; 3 Tex.Jur. 1259; Gulf Coast Water Co. v. Hamman Exploration Co., Tex.Civ.App., 160 S.W.2d 92. There was evidence from other sources from which the court may have concluded that the landlord waived his lien. We are further of the opinion that if the admission of such testimony was erroneous it constituted harmless error. Edwards v. White, Tex. Civ.App., 120 S.W. 914; Texas Rules of Civil Procedure, rule 434; Inglett v. Commercial Standard Ins. Co., Tex.Civ.App., 171 S.W.2d 914, 915.

All of appellant's points have been carefully considered and are overruled. The judgment is affirmed.