## WEEMS v. STEWART.

### No. 11696.

Court of Civil Appeals of Texas. Galveston.

Feb. 14, 1946.

Rehearing Denied March 7, 1946.

Masterson & Pope, of Angleton, for appellant.

A. R. Rucks, of Angleton, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, W. G. Stewart, in regular form of trespass to try title, for the recovery from appellant, S. S. Weems, of 70x100 feet of land, described as being located West of and adjoining the townsite of West Columbia and a part of the James Bell 1½ League Grant in Brazoria County, Texas.

Appellant answered by a general denial and a plea of not guilty and by special pleas of limitation. However, no issues were made of any use or possession of the land sufficient to sustain any of said pleas of limitations.

In a trial before the court without a jury, judgment was rendered in favor of appellee for the title to and possession of the land in controversy. No findings of fact or conclusions of law were requested by the parties or filed by the trial court.

While this action was brought in the form of trespass to try title, it was in fact brought as a boundary suit to determine the location of the tract in controversy. It is the contention of appellee that said tract is bounded on the East by the Townsite of West Columbia and 17th Street, which is claimed to be a part of and located within said townsite. Appellant contends that said 17th Street adjoins the Townsite of West Columbia on the West and that the 70x100 feet of land in controversy is in conflict with said 17th Street to the extent of 55x100 feet.

The land in controversy is a part of what was known as the Underwood 7¾ acre tract out of the said James Bell Survey, which adjoins the Townsite of West Columbia on the West. In 1921 the title to the Underwood 7¾ acre tract was involved in a suit styled S. A. Landers et al. v. W. L. Moody, Jr., et al., in the district court of Brazoria County. Under the decree of this court in this case the Underwood tract was partitioned into six certain lots, and under

decree of the court Henry Munson made a survey and partition to the land and prepared a map and field notes of the six lots. The land in controversy is part of Lot 2 of said partition.

By deed dated April 28, 1927, the Moody interests conveyed Lots 2, 4 and 6 of said Landers-Moody partition and Block No. 2 of the Townsite of West Columbia, to G. W. Hunt. By deed dated July 29, 1929, G. W. Hunt conveyed said Lot 2 of the partition of the Underwood tract to appellant, S. S. Weems, reserving therefrom a 70x100 foot tract of land described as:

"Beginning at a point in the East line of said Lot or strip No. 2 where same intersects the S. line public street or road known as the Avenue; thence westerly with the S. line of said street as now located on the ground 70 feet for corner; thence in a southerly direction and parallel with the E. line of said lot or strip a distance of 100 feet for corner; thence easterly parallel with south line of above mentioned street and the north line of this tract to an intersection with E. line of said lot or strip No. 2; thence in a northerly direction with east line of lot or strip No. 2 to the place of beginning."

By deed dated May 27, 1931, G. W. Hunt conveyed to appellee, W. G. Stewart, the tract of 70x100 feet of land reserved out of said Lot No. 2 of the Underwood partition in his deed to S. S. Weems, dated July 29, 1929.

This suit was brought by W. G. Stewart in 1944 to recover from S. S. Weems a 70x100 foot tract of land described as being out of said lot or strip No. 2 according to decree in cause styled S. A. Landers et al. v. W. L. Moody, Jr., et al., and described as *"Beginning at a point in the East line of said Lot No. 2 where the same intersects the South line of Brazos Avenue in the West margin of 17th Street of the Town of West Columbia."* (Emphasis ours)

In support of his contention that said 17th Street was a part of the original Townsite of West Columbia and that the 70x100 feet of land involved herein adjoins said street and said Townsite on the West, appellee introduced in evidence an old map and a subsequent map of the original Townsite of West Columbia. The later map was identified as having been used and as being recognized as a true map of West Columbia. Appellee also introduced a map of West Columbia made by E. S. Atkinson, who testified that he had made a survey of the Town of West Columbia and adjoining properties shortly before the trial of this case, and that he had located the East line of said Lot 2 of the partition of the Underwood tract as being identical with the West line of 17th Street as located on the ground, and that he had found the West boundary of the West Columbia Townsite as occupied and recognized on the ground to be identical with the West side of 17th Street. The maps above referred to show streets on the four sides of the Townsite of West Columbia to be parts of the townsite, 17th Street being located on the western side of said townsite.

The witnesses Bell, Hagermeir, Smith, Surveyor Munson and others also testified on the trial that 17th Street is located within and extends along the western boundary of the Townsite of West Columbia.

In the deed from G. W. Hunt to appellant Lot No. 2 is described as being the same Lot 2 that is called for in the Landers-Moody partition and in said partition West Columbia is called for as lying east of and adjoining the Underwood 7¾ acres of land which was partitioned in the decree in the Landers-Moody suit.

This case was tried before the court without a jury and since no findings of fact or conclusions of law were filed by the trial court every disputed issue of fact raised by the testimony, including the fact that the tract of land in controversy lies immediately west of and adjoining the West line of 17th Street and the original townsite of West Columbia, must be presumed to have been resolved by the trial court in support of the judgment rendered, Machieck v. Renger, Tex.Civ.App., 185 S.W.2d 486, error refused; Trigg v. Fambro, Tex.Civ.App., 184 S.W.2d 666; Prichard v. Farmers Co-op., Tex.Civ.App., 183 S.W.2d 240; 3 Tex.Jur., p. 507, # 355.

In view of the evidence before us and the authorities above cited, the judgment of the trial court must be in all things affirmed.