## ELMORE v. J. S. HUNT LUMBER CO. et al.
### No. 4370.

Court of Civil Appeals of Texas. Beaumont.

May 23, 1946.

Rehearing Denied June 5, 1946.

James E. Faulkner, of Cold Spring, for appellant.

Pitts & Liles, of Conroe, and Burns & Burns, of Huntsville, for appellees.

MURRAY, Justice.

Appellant, J. R. Elmore, filed suit in the district court of San Jacinto county against appellees, J. S. Hunt Lumber Company, Clara Anderson, a feme sole, J. S. Mc-Combs, Ed Rembo and Gertie Rembo, alleging in substance that Mrs. Anderson, acting thru her agent, McCombs, sold to him for $475 cash the pine timber on the 18-acre homestead tract of Ed Rembo and Gertie Rembo and also the pine timber on another 44-acre tract; that after appellant had begun cutting the timber on the 18-acre tract appellee J. S. Hunt Lumber Company claimed ownership of the timber on the 18-acre tract and stopped him from further cutting such timber and he thereafter paid Hunt Lumber Company $394.93 for the timber he had already removed; that both Hunt Lumber Company and Mrs. Anderson claimed ownership of the timber on the 18-acre tract; that he had bought the timber in good faith and that one of the two contending parties owed him the money he had paid out wrongfully, and also owed him the further sum of $300, the value of the timber remaining uncut on the tract when he stopped cutting from it. The case was tried to the court without a jury, and at the conclusion of the taking of testimony the court rendered judgment that Elmore take nothing by his suit, and that all defendants sued recover their costs. Elmore has duly perfected his appeal, after his motion for new trial was overruled.

No briefs were filed by the appellees Anderson, McCombs, and Ed Rembo and Gertie Rembo. Appellee J. S. Hunt Lum-

ber Company filed its brief, and appellant has filed a motion to strike it for the reason that it was filed after the cause was submitted on oral argument for the appellant.

The appellant's motion to strike the brief of appellee is overruled. The case was originally set for submission on April 18, 1946. The appellant moved for and was granted an extension of time of 15 days in which to file his brief, but no motion was made for a postponement of the submission. Appellant's brief was filed in the case on April 2, 1946, and appellee Hunt Lumber Company filed its brief on April 23, 1946, within 25 days after appellant had filed his brief. Under rule 414, Texas Rules of Civil Procedure, the appellee had 25 days after the filing of appellant's brief in which to file his brief. In addition to the above facts, we note from the brief of appellant that it is conceded by him that the judgment was correct as to the appellee Hunt Lumber Company, and therefore he cannot be harmed by the filing of such brief by that appellee.

The appellant's brief is lengthy and is not prepared in accord with the rules of briefing. The statement of the nature and result of the case is lengthy, detailed, and somewhat given to argument. The points are presented in groups, without any restatement of the points so discussed together. Statement, argument, and authorities under the first, sixth, seventh, tenth and eleventh points are all thrown together, without any separation of statement, argument or authorities. We have examined the brief and the statement of facts and the transcript in an effort to determine whether any error of the court is pointed out which would require reversing the case, and only to that extent the brief is considered.

By his first, sixth, seventh, tenth and eleventh points appellant maintains that the court erred in not rendering judgment for him. The appellant concedes in his brief that appellee Hunt Lumber Company proved on the trial good title to the timber for which appellant paid him the $394.93, and that the judgment in favor of that appellee was correct. He urges, however, that from the evidence the court should have rendered judgment for him for the money he had paid McCombs as agent for Mrs. Anderson, and that such judgment should have been against both of them and all the other appellees, or, in the alternative against appellees McCombs and Anderson. The evidence reflects that appellant paid $475 to McCombs for Mrs. Anderson, and received from McCombs a memorandum to the effect that McCombs conveyed "all of Mrs. Clara Anderson's right, title, and interest, also any interest I might own" in the 44-acre tract and the 18-acre tract of land, and the memorandum further recites that the pine timber from these two tracts was sold to Mrs. Anderson "by deed dated June 6, 1942". The appellant alleges that he got his timber from the 44-acre tract without any controversy. We are unable to see how the court could have properly rendered any judgment for appellant, for the reason that there was no pleading and no proof as to what portion of the $475 was paid for the 18-acre tract and what portion was paid for the 44-acre tract. No error is presented by these points.

By his other points the appellant complains of the action of the court in various instances in admitting testimony over his objections, and in sustaining objections to questions propounded by him to certain witnesses. The case was tried before the court without a jury, and it will be usually presumed that the trial court in arriving at his judgment was not influenced by immaterial or incompetent testimony. In the instant case the appellant has not pointed out any injury to himself on the trial by the court's rulings on the admission of testimony. In view of our views expressed above as to the failure of appellant's case to show that he had been damaged in any certain amount by the failure of title, if any, to the timber on the 18-acre tract, we do not believe that he has shown any reversible error in any of the acts of the court complained of in procedural matters.

The judgment of the trial court is affirmed.