**HEITMANN et al. v. BUENGER et al.**
**No. 11929.**

Court of Civil Appeals of Texas. Galveston.

Dec. 4, 1947.

Rehearing Denied Jan. 8, 1948.

C. L. Krueger and Ernest S. Goens, both of Austin, for appellants.

W. D. Bryan, of Bellville, and Richard Spinn, of Brenham, for appellees.

MONTEITH, Chief Justice.

On May 27, 1937, Alma Peschel Buenger and Eldie W. Buenger brought an action, No. 7192, on the docket of the District Court of Austin County, for recovery from Emil and Vaneida Heitmann of the amount then due on a certain vendor's lien note for the sum of $4,000, and for foreclosure of a vendor's lien secured thereby on certain land in Austin County, Texas. Judgment by default and for foreclosure of said lien was rendered thereon in favor of plaintiffs and against appellants herein on July 7, 1937. On June 11, 1946, Vaneida Heitmann and Emil Heitmann filed this action in the District Court of Austin County, to have said judgment declared null and void, and for an injunction restraining appellees from seeking to subject the separate property of Mrs. Vaneida Heitmann to the payment of said judgment. They alleged as a basis for their cause of action, that the judgment was void and that the court had acquired no jurisdiction over them for the reason that they had not been served with citation in the former suit, and had not made their appearance therein. They also alleged that, at the time the original judgment was rendered against them, there was no showing in the record that Vaneida Heitmann was not under the disability of coverture.

Appellees answered both by special exception and as a defense to appellants' suit, that appellants' cause of action was barred by the four year statute of limitations.

In a trial before the court without a jury, judgment was rendered that appellants take nothing by their suit. No findings of fact or conclusions of law were requested by the parties or filed by the trial court.

It is undisputed in the record that the note sued on in Cause No. 7192 was secured by a vendor's lien on 89 acres of land in Austin County, Texas; that said land was sold pursuant to an order of sale issued under the judgment in said suit; that the proceeds of the sale when applied to the payment of the judgments and costs were insufficient to liquidate the judgment, and that a deficiency judgment was rendered in favor of Alma Peschel Buenger and Eldie W. Buenger to secure this deficiency.

On the trial of this case appellants introduced in evidence the judgment rendered by default, which contained the following recitation: " * * * the plaintiffs, Emil Heitmann, individually and as guardian of Eilien Orea Dell Heitmann, a minor, and Vaneida Heitmann had been duly and legally summoned to appear and answer herein in the manner and form and for the time required by law and * * * failed to appear and wholly made default."

Appellants also introduced in evidence five citations which had been issued by the Clerk in said Cause No. 7192, on which no return by an officer of the court was shown.

On the trial J. L. Stierling, the clerk of the district court of Austin County, testified that he had been the clerk of the court at the time of the trial of cause No. 7192, and that he was present when the judgment under attack was rendered in said cause. He testified that the original petition in said cause had been lost or misplaced, but that it had been filed, because otherwise he would not have docketed the case; that, while he had no independent recollection as to whether other citations on which returns had been made had been filed, his fee book showed that he had issued citations in said cause on May 28, 1937, and that fees had been paid the Sheriff of Austin County for serving these citations.

E. E. Reinecker, the Sheriff of Austin County, testified that he was in the Sheriff's department at the time judgment in cause No. 7192 was rendered, and that he recalled having personally served Vaneida Heitmann and Emil Heitmann with citation in the suit after it was filed.

Under appropriate points appellants assign error in the action of the trial court in permitting the witness J. L. Stierling to testify as to the manner of procedure in the District Clerk's Office at the time judgment in cause No. 7192 was rendered, and in permitting E. E. Reinecker, the Sheriff of Austin County to testify that he had received citations to be served on appellants in said suit from the District Clerk of Austin County, and that he had served said

citations on appellants on May 28, 1937, and had returned the original of the citations to the clerk of the court, for the alleged reason that the evidence objected to was secondary and not the best evidence, and that a proper predicate for the introduction of said testimony had not been laid.

This contention cannot, we think, be sustained. It is the settled law in this State that, in a trial before the court without a jury, where there was ample testimony in the record to support the court's judgment, it will be presumed that the judgment rendered is based upon the competent and not the incompetent testimony. Leonard et al. v. Smith, Tex.Civ.App., 186 S.W.2d 284; Landwer v. Fuller et al., Tex.Civ.App., 187 S.W.2d 670; Elmore v. J. S. Hunt Lumber Co. et al., Tex.Civ.App., 194 S.W. 2d 808.

It is also well settled that, in a trial before the court without a jury, where no findings of fact or conclusions of law have been filed, every disputed issue of fact raised by the testimony will, on appeal, be presumed to have been resolved by the trial court in support of the judgment rendered. Weems v. Stewart, Tex.Civ.App., 192 S.W.2d 935, and cases there cited.

Since no findings of fact or conclusions of law were filed in this case, this Court must presume that the disputed issues of fact raised by the testimony, including the fact that citations were duly served upon appellants herein in cause No. 7192, which facts were based on competent testimony, were found by the trial court, and that the court acquired jurisdiction therein. The judgment of the trial court must, therefore, be sustained by this Court.

Further, it is, we think, undisputed in the record, that as a matter of law, appellants' cause of action was barred by the 4 year statute of limitations, Article 5529, R.S.1925. This suit to set aside the judgment in cause No. 7192 was instituted approximately 9 years after the date of its rendition. It is to be presumed that the court found that appellants had notice at that time of the rendition of the judgment, since they were dispossessed at that time and the land sought to be foreclosed was sold under execution. Further, no allegations are made by appellants in this case of lack of notice of said judgment or sale, and no facts are alleged showing why an action to set aside said judgment was not brought sooner. It is well settled in this State that a direct attack in equity upon a judgment is subject to the bar of the four-year statute of limitations.

The fact that Vaneida Heitmann was under the disability of coverture would have been a good defense against taking judgment against her if it had been urged at the time judgment in cause No. 7192 was taken, however, since the record fails to show that the defense of coverture was urged in the original suit, it is not available to them in this action in the absence of a showing of fraud, accident or some act on the part of appellees in procuring the judgment. Klemm v. Schroeder, Tex.Civ.App., 204 S.W.2d 675.

It follows that the judgment of the trial court must be in all things affirmed.

Affirmed.