**SGITCOVICH v. OLDFIELD et al.**

**No. 12077.**

Court of Civil Appeals of Texas. Galveston.

May 5, 1949.

Rehearing Denied May 26, 1949.

Bernard A. Golding, of Houston, for appellant.

H. E. Kleinecke, Jr., of Galveston, for appellees Angelina Celeste Oldfield, Robert E. Oldfield, Mrs. Jessie Martini Haberman and Louis Haberman.

No appearance for other parties.

MONTEITH, Chief Justice.

This action was brought by Angelina Celeste Oldfield and others against Lucy and Annie Sgitcovich and E. C. Clason seeking specific performance of a written contract under which Lucy and Annie Sgitcovich had obligated themselves to convey certain real estate in Galveston County to appellee, Mrs. Jessie Martini Haberman. Annie Sgitcovich answered that she was ready, able and willing to deliver her interest in the land in controversy under the terms of the contract. E. C. Clason, who was the agent and moving factor in the consummation of the contract, tendered into court the sum of $1000.00 received by him to bind the sale and prayed that it be distributed in accordance with the judgment rendered. No answer was filed by Lucy Sgitcovich, though the record reflects that she was duly served with citation.

On the trial of the case all parties appeared and announced ready for trial except appellant, Lucy Sgitcovich, and in a trial before the court judgment was rendered awarding the title and possession of the land in controversy to Angelina Celeste Oldfield, assignee of Mrs. Jessie Martin Haberman. Annie and Lucy Sgitcovich were ordered not to sell an adjoining lot without giving Angelina Celeste Oldfield an opportunity to purchase the property. Interlocutory judgment by default was rendered against Lucy Sgitcovich. This judgment was made final on July 15, 1948.

Lucy Sgitcovich bases her appeal from this judgment on four points of error. She contends: (1) That the citation issued to her fails to comply with the statutory provisions in that it does not state the names of all the parties to the suit; (2) that the return on the citation is defective on its face; (3) that there was no return or process effectuated upon her and (4) that said judgment should be set aside since there was no intentional or conscious failure to file an answer in said cause and that there exists a sufficient excuse to so file said answer.

██ Appellee has filed a motion, which is granted under Rule 428, Texas Rules of Civil Procedure, to file a supplemental transcript correcting certain errors in the transcript previously filed, particularly the error in the original transcript which fails to show the court in which this action was pending, which alleged failure is urged by appellant as a reversible error. The supplemental transcript which is certified to by the District Clerk of Galveston County shows that the citation served on appellant properly recites that the action was filed in the "10th Judicial District Court of Galveston County".

This suit was filed on April 2, 1948. It was tried in July, 1948. Rule 101, Texas Rules of Civil Procedure, which has as its source Article 2022, Vernon's Annotated Civil Statutes which it repealed, does not require that the citation give the names of all parties to the suit. It only requires that the citation state the date of the filing of the petition, its file number and the style of the case and the date of the issuance of the citation.

The citation which was issued to appellant, we think, fully complied with all of the requirements of Rule 101, Texas Rules of Civil Procedure.

The citation served on appellant was issued in the name of the State of Texas and was directed to appellant Lucy Sgitcovich. It commanded her to appear and answer at and before 10:00 A.M. on the Monday next after expiration of 20 days from the date of service of the citation. It states that "the nature of plaintiff's demand is fully shown by a true and correct copy of plaintiff's petition, accompanying this citation and made a part hereof". The original citation, as issued, returned and filed, showed that it commanded defendant to appear and answer "before the Honorable District Court, Tenth Judicial District of Galveston County, Texas, at the Court House of said County in Galveston, Texas".

█ The return on the citation recites that it came to hand on the 5th day of April, 1948, and that it was executed in Harris County on the 16th day of June, 1948, at 5:25 P.M. by delivering to appellant in person a true copy of the citation with the date of delivery marked thereon together with the accompanying true and correct copy of the plaintiff's petition. It was signed by the Sheriff of Harris County, Texas, by his deputy, W. W. Kilgore. It shows the Sheriff's fee for serving one copy $1.25, mileage $2.00, a total of $3.25 for serving the process.

█ Since this case was tried before the court without a jury and no findings of fact or conclusions of law were filed by the trial court every disputed issue of fact, including the fact that appellant was served with citation must be presumed to have been resolved by the trial court in support of the judgment rendered. Weems v. Stewart, Tex.Civ.App., 192 S.W.2d 935 and authorities cited.

█ Under her third point appellant contends that the court erred in overruling the appellant's motion to set aside the default judgment granted therein because the undisputable evidence shows that the failure to file an answer was the result of the failure to serve her with citation herein.

The only evidence of failure to serve appellant with citation was her testimony that she was never served with any paper or with a citation in this case. She stated that when she got off the bus near her home a tall man ran toward her. She stated that she knew Mr. Kilgore, a deputy sheriff, but that the man who approached her on that evening was not Mr. Kilgore the deputy sheriff who was alleged to have served the process. The deputy sheriff, W. W. Kilgore, testified that he was deputy sheriff of Harris County and that he served appellant with said process. His testimony is corroborated by Walter S. Hart an attorney who represents appellee Annie Sgitcovich in this case, who stated that he was present when the process was served. Both the deputy sheriff and Mr. Hart testified that appellant was handed a copy of the citation and of appellee's original petition and that she dropped it and left it lying on the ground.

█ It is the settled law in this state that to impeach the return of the service of a citation, the testimony of one witness is not sufficient and that his testimony must be strongly corroborated and that the proof of the failure of service must be clear and satisfactory. Johnson et al. v. Cole et al., Tex.Civ.App., 138 S.W.2d 910, writ refused, and authorities there cited; Wright v. Austin, Tex.Civ.App., 175 S.W.2d 281.

In Wedgeworth v. Pope, Tex.Civ.App., 12 S.W.2d 1045, 1049, writ refused, the court stated that "evidence tending to impeach an officer's return must be conclusive and convincing, and not, like the ordinary issue of fact, determined by a mere preponderance of the testimony."

It follows, we think, that judgment of the trial court must be in all things affirmed.