**SHUPACK–SOLNICK, INC., Appellant,**

v.

**SEABOARD FIRE & MARINE INSURANCE COMPANY OF NEW YORK et al.,**
Appellees.

No. 6853.

Court of Civil Appeals of Texas.

Amarillo.

March 23, 1959.

E. Byron Singleton, Amarillo, for appellant.

Simpson, Clayton & Fullingim, Amarillo, for appellees.

NORTHCUTT, Justice.

This is an action tried to the court without a jury wherein the appellant, plaintiff below, sought recovery for fire and smoke damage claimed to have occurred by virtue of a fire in a building adjoining the building occupied by appellant. The trial court found that the appellant suffered no property damage and entered judgment that plaintiff recover nothing and pay all costs of suit. From this judgment appellant perfected this appeal.

By appellant's points of error one and two it is insisted the court erred in refusing appellant damages as requested as there was no evidence of a substantial and a probative nature to support or sustain such findings of the court; that such finding was against the overwhelming preponderance of the evidence as to be manifestly wrong; that such finding was in conflict with the preponderance of the evidence as to be clearly wrong and such finding was in conflict with the evidence. It will be noticed that point one has four subdivisions and point two has ten subdivisions. This court, in an opinion by Chief Justice Pitts in Johnson-Sampson Construction Company, Inc., v. W & W Waterproofing Company, Inc., Tex.Civ.App., 274 S.W.2d 926, has held that a point or assignment of error is "multifarious" where it embraces more than one specific ground of error or when it attempts in one point to attack several distinct and separate rulings of the trial court. Nevertheless, we shall attempt to discuss the points involved as we think the whole matter involves the question as to whether the court erred in refusing the appellant damages under the evidence introduced. If we were required to discuss each subdivision separately, we would be repeating ourselves on the question concerning the evidence. Without detailing the evidence given in this hearing, we think it is sufficient to state that there were six or seven witnesses that testified they made a full investigation to determine the extent of the damages here sought. Every one of them testified they were unable to find any damage other than two or three dresses hanging on a rack in the back of a store marked 50 per cent off that were probably shopworn. Mr. Winborne, the Pampa Fire Chief, stated that it took approximately 30 minutes to extinguish the fire, and he checked and pulled the clothes apart on the racks and stuck his head between them and he could not smell any smoke; and then stated, as other witnesses, about the three dresses hanging on the rack. We cannot agree with appellant's contention that there was no evidence to sustain the findings of the trial court. Neither do we think the overwhelming preponderance of the evidence was such as to show the finding of the trial court of no damage was manifestly wrong or was in conflict with the preponderance of the evidence as to be clearly wrong. We are of the opinion that there was an abundance of evidence to sustain the finding of the court that there was no damage as found by the court. When there was as much evidence as there was in this case, we think the statement made by the court in the case of Taylor v. Stanford, Tex.Civ.App., 229 S.W.2d 427, 429, would apply, where it is stated:

"In a case tried before a court without a jury, the court sits as a trier of the facts as well as the law and stands in the same relation to the factual aspect of the case as does a jury when one is had. He is the judge of the credibility of witnesses and the weight to be given their testimony, and his findings are entitled to the same weight and conclusiveness on appeal as the verdict of a jury. And where there is some evidence of a substantial and probative character to support the trial court's findings and judgment, they are controlling upon a reviewing court and will not be disturbed, even though the appellate court might have reached a different conclusion therefrom. Weems v. Stewart, Tex.Civ.App., 192 S.W.2d 935; Machicek v. Renger, Tex.Civ.App., 185 S.W.2d 486, error refused; Trigg v. Fambro, Tex.Civ.App., 184 S.W.2d 666; Prichard v. Farmers Co-op., Tex.Civ.App., 183 S.W.2d 240; 3-B Tex.Jur., page 457, sec. 941, page 390, sec. 917, et seq.; 3 Tex.Jur., page 507, sec. 355."

Appellant's points one and two are overruled.

This case and the case of Bentley's, Inc. v. Home Insurance Company of New York, Tex.Civ.App., 322 S.W.2d 554, were tried upon the same statement of facts and presented here in the same manner and briefed together. Appellant's points of error one, two and four apply to both cases but point three only applies to the Bentley case.

By appellant's point three it is contended the court erred in not rendering judgment for a period of four weeks instead of rendering judgment for two weeks. There is no dispute but what the sum of $1,528 is the amount due under the insurance policy for appellant having to close his store for a two weeks period, the contention being that appellant was closed for a period of four weeks and was entitled to recover for the four weeks period. Appellant also insisted it was entitled to receive interest at the rate of 6 per cent from December 13, 1955, being the date 60 days after receipt of proof of claim. The court granted judgment for interest from date of the judgment at the rate of 6 per cent. This point does not apply as to the case of Shupack-Solnick, Inc. v. Seaboard Fire & Marine Insurance Company et al., but only applies to Bentley's, Inc. v. Home Insurance Company of New York, Tex.Civ.App., 322 S.W.2d 554. The trial court concluded, upon sufficient evidence, that there was no necessity of appellant closing the store for the two weeks, but the court stated to be more than fair, a judgment was granted giving appellant damages for the two weeks it closed before having a fire sale. Appellee does not complain about the court rendering judgment for the two weeks the store was closed. There is adequate testimony in this case to justify a finding in that there was no necessity of closing the store at all; but the trial court did render judgment for the two weeks appellant was closed before having the fire sale. We do not find, under this record, any reason for appellant to complain when the court gave it damages for the two weeks closing in the face of the evidence justifying a finding there was no such damage as would necessitate a closing for any period. As to the question of interest, there was a dispute as to damage and necessity for closing of the store, the parties could not agree as to any amount of damage and no award was ever made until final judgment was entered. We think the court was correct in allowing interest only from the date of the judgment. Appellant's point three is overruled.

As to appellant's point four contending the trial court erred in refusing to consider and to admit testimony reflecting value immediately before the fire and value immediately following the fire as the rule for fire and smoke damage, there was testimony offered as to the value before and after the fire. We think this record reflects to the opposite of the contention of appellant and that the trial court admitted evidence along this line and considered the same. Appellant's point four is overruled.

Judgment of the trial court is affirmed.