### CITY OF HOUSTON v. COHEN et al.
#### No. 11908.

Court of Civil Appeals of Texas. Galveston. July 31, 1947.

Rehearing Denied Oct. 9, 1947.

Walter E. Boyd, City Atty., and Will Sears, 1st Asst. City Atty., both of Houston, for appellant.

Joseph C. Hutcheson, III, of Houston (Baker, Botts, Andrews & Walne, of Houston, of counsel), for appellees Cohen and Foley Bros. Dry Goods Co.

Fouts, Amerman & Moore, of Houston (Joseph W. Moore, of Houston, of counsel), for appellee Church.

MONTEITH, Chief Justice.

This action was brought by appellant, City of Houston, in its own behalf and in behalf of the Houston Independent School District to recover from the First Presbyterian Church of Houston, Geo. S. Cohen, and Foley Bros. Dry Goods Company, taxes claimed to be delinquent on approximately 85 by 125 feet of land, a part of Lots 1, 2 and 3, out of the South one-half of Block 138, in the City of Houston, and for a judgment declaring the property described to be subject to the taxes sought.

In a trial before the court without a jury judgment was rendered denying appellants all relief sought. The court found in the judgment rendered that the property involved was an actual place of religious worship not used for profit, and that the appellees had established that the property sought to be taxed had been exempt from taxation at all times material to the suit up to the time of the trial and entry of judgment.

Appellant City of Houston contends that the land sought to be taxed had not been actually and necessarily used by the Church for religious purposes since the main church building which had been located thereon was destroyed by fire in 1932, and that this piece of property did not come within the terms of the statute exempting the property of a church from taxation; and that since the Church had invested certain payments received by it under an option contract the land had yielded revenue, which brought it within an express statutory exclusion from tax exemption.

On February 14, 1939, the Church granted Geo. S. Cohen an option to purchase the entire half block owned by it on McKinney Avenue between Main and Travis Streets in the City of Houston. The property sought to be taxed is the east 85 feet of this property.

On May 17, 1945, Geo. S. Cohen transferred his rights under this option to appellee Foley Bros. Dry Goods Company. The option had been kept alive until that time by payments to the Church under the terms of the option contract.

On June 30, 1946, Foley Bros. Dry Goods Company exercised its option and purchased the one-half block of property from the Church.

Contemporaneously with the execution of the deed by the Church conveying the property to Foley Bros. Dry Goods Company, the Dry Goods Company executed a contract granting the Church the right to occupy the property free of rent until February 28, 1948, or until the completion of a new church building now under construction in Houston. Pursuant to this agreement the Church has continued to occupy and use the property in the same manner as when it was the owner thereof.

The First Presbyterian Church has owned the property involved in the suit and has used the buildings located thereon for religious purposes for many years prior to the date of sale of the property to Foley Bros. Dry Goods Company. No portion of the property has been used by the Church for rental purposes.

In 1932 the main church building, which had been located on the east 85 feet of the property now sought to be taxed was destroyed by fire. Thereafter, the governing body of the Church decided to use that portion of the property on which the church building had been located as a church yard for the purpose of rendering the appearance of the church more attractive and to furnish light and air to the remaining church buildings, to protect these buildings from the noise and confusion incident to downtown traffic and to furnish space for other necessary activities of the Church which could not be conducted within the existing buildings.

Section 2 of Article 8 of the Constitution of the State of Texas, Vernon's Ann.St., provides that: "The Legislature may, by general laws, exempt from taxation public property used for public purposes; actual places of religious worship."

Pursuant to this constitutional authorization the Legislature has enacted certain statutes exempting houses of religious worship from taxation, including Article 7150, Revised Statutes, as amended in 1931, Vernon's Ann.St. art. 7150, which provides:

"The following property shall be exempt from taxation, to-wit:

"1. Schools and Churches.—Public school houses and actual places of religious worship, also any property owned by a church or by a strictly religious society, for the exclusive use as a dwelling place for the ministers of such church or religious society, the books and furniture therein and the grounds attached to such buildings necessary for the proper occupancy, use and enjoyment of the same, and which yields no revenue whatever to such church or religious society; provided that such exemption as to the dwelling place for the ministers shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land. * * *"

By this enactment the legislature, in carrying out the constitutional authorization to exempt "actual places of religious worship," provided that the church buildings themselves, the books and furniture therein, and the grounds attached to such buildings necessary for the proper occupancy, use and enjoyment thereof, should be free from taxation.

In the case of Trinity Methodist Episcopal v. City of San Antonio, Tex.Civ.App., 201 S.W. 669, 670, writ of error refused, the San Antonio Court of Civil Appeals, in construing the legislative act in force at that time providing for the exemption from taxation of the property of churches which were used exclusively for religious worship, in its opinion held that:

"The Constitution undoubtedly intended in granting permission to the Legislature to exempt houses used exclusively for religious worship from taxation, to grant permission to exempt the land on which the house is built and other ground on which to enter and leave the church and ground immediately surrounding the house which would be 'grounds attached to such buildings necessary for the proper occupancy, use and en-joyment of the same.' *What would be necessary grounds would be a question of fact, but this would not render the statute unconstitutional. The Constitution will not be so construed as to defeat its own purposes, which would be the case if only the ground actually covered by the house used for religious worship was exempt.* (Emphasis ours). The construction must be reasonable and not such as to defeat the very end desired."

■ In this case the City is claiming taxes against the vacant lot adjoining the buildings used by the Church for religious purposes. It contends that the exemption permitted by the constitution and authorized by the Legislature both before and after the Acts of 1931 is an exemption of a church building proper; the ground actually and physically occupied by the Church and contained within the perimeter of its walls; and such other attached grounds as may be absolutely necessary to give access to the church from the street, or from one part of the church to another.

This contention, we think, cannot be sustained.

In the case of Cassiano v. Ursuline Academy, 64 Tex. 673, in determining whether the term "building used and owned exclusively for school purposes" covered a yard attached thereto, the court held that the word "building" as used in Art. 8, Section 2 of the Constitution of 1876, "has its broader signification, consonant with the purpose of the exemption and the settled policy of the state," and that "all the buildings and all the land sought to be sold by appellant were necessary and used for the proper and economical conduct of the school," and that "authority is not wanting to extend the exemption to land much less directly employed to forward the interests of the school."

Under above authorities, we think that the City's position that the Church is entitled to an exemption of only its buildings and sidewalks is untenable.

In this case it is undisputed that the Church owned the land involved up to the date of its deed to Foley Bros. Dry Goods Company in June, 1946. It is further undisputed that the church yard sought to be taxed had never been used for anything ex-

cept church purposes, and that there had never been any use, occupancy or possession of the property for other purposes.

In 51 Am.Juris., Sec. 615 page 592, it is stated that: " * * * Exemptions of religious institutions from taxation includes, as an incident thereto, lands around such institutions reasonably necessary for convenient ingress and egress, light, air, or appropriate and decent ornament."

■ This case was tried before the court without a jury and, since no findings of fact or conclusions of law were requested by the parties or filed by the trial court, every disputed issue of fact which was raised by the testimony, including the fact that the land sought to be taxed was the yard of the church which was used by the Church for those natural and practical purposes for which such yards are customarily used, and for necessary light, air and appropriate ornamentation, must be presumed to have been resolved by the trial court in support of the judgment rendered. Weems v. Stewart, Tex.Civ.App., 192 S.W.2d 935; Machicek v. Renger, Tex.Civ.App., 185 S.W.2d 486, error refused; Trigg v. Fambro, Tex.Civ. App., 184 S.W.2d 666.

Appellant's contention that the interest earned by the Church on funds received by it in payment of an option on the property constituted revenue produced by the property for the Church so as to deprive it of its exemption from taxation cannot, we think, be sustained.

Article 7151, Revised Civil Statutes, Vernon's Ann.Civ.St. Art. 7151, provides that, in order for a church or religious society to be entitled to an exemption from taxes, the land sought to be exempted must have yielded no revenue to such church or institution.

In this case the Church received payments made under the Cohen option to purchase the entire property and on the final purchase price for the property, amounting to the sum of $1,250,000. The Church invested a portion of these funds in interest-bearing certificates of deposit and in war bonds, from which it had received in interest the sum of $14,917.89. The City contends that this interest constitutes revenue yielded by the property sought to be taxed.

The question as to whether income derived from investments of this character may be classed as such revenue yielded from the land as will deprive the land of its exemption status has not, we think, been passed upon by the courts of this state under a similar state of facts.

The Legislature, in interpreting the language of Section 2, Article 8, of the Constitution, which provided for the exemption from taxation of property used as "actual places of religious worship," in enacting said Article 7150, provided for an exemption from taxation of all church property which was used exclusively for church purposes and which yielded "no revenue whatever to such church." In the instant case the land sought to be taxed has, at all times material to this appeal, been used exclusively for the necessary activities of the Church and the Church has received no revenue from rentals or the profitable use of the land.

■ It is, we think, obvious from the language of said Article 7150 that the Legislature intended thereby to exempt from taxation the property of churches which were being actively and exclusively used for religious worship, and that the term revenue derived from the property referred to therein which expressly excluded the land from statutory tax exemption was intended to include revenues from rentals and the profitable use of the land, and not interest paid on funds received by the owner and applied on the sale price of the land sought to be taxed.

■ These conclusions, we think, bring the property sought to be taxed within the statutory exemption from taxation. The judgment of the trial court will be in all things affirmed.

Affirmed.