A. Donald DAVIES, Bishop Episcopal Diocese of North Texas, Appellant,

v.

Milton MEYER, County Judge, et al., Appellees.

No. 17647.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 3, 1975.

Rehearing Denied Nov. 7, 1975.

Golden, Potts, Boeckman & Wilson, Claude R. Wilson, Jr., and David Herndon, Dallas, for appellant.

McCreary & Huey, and Robert M. Huey, Austin, for appellees.

## OPINION

BREWSTER, Justice.

A. Donald Davies, Bishop of the Episcopal Diocese of North Texas, plaintiff, filed this suit against the County Judge of Hood County, Texas, the Tax Assessor-Collector of Hood County, the four Commissioners of Hood County, the Granbury Independent School District, and the Tax Assessor-Collector of the Granbury Independent School District, defendants, seeking a declaratory judgment declaring that the plaintiff's 155 acre tract located in Hood County that is known and operated as "Camp Crucis" is exempt under Texas law from ad valorem taxes.

At the conclusion of a non-jury trial, the trial court rendered judgment decreeing and declaring that the 155 acres of land involved is not exempt from ad valorem taxation by the State of Texas, by Hood County, and by the Granbury Independent School District, save and except the home located thereon that is used as a dwelling place for the minister, along with one acre of land, and the open air chapel that is located thereon, along with one acre of land, which two acres referred to were declared by the decree to be exempt from ad valorem taxation by the defendants herein.

This appeal is being made by the plaintiff from that decree.

We affirm.

There is only one point of error, it being that the trial court erred in failing to hold that all of Camp Crucis (155 acres) is exempt from ad valorem taxation under Article 7150, V.A.C.S. as an actual place of religious worship.

We overrule that point.

This is apparently the first Texas case dealing with the question of whether or not the entire area of a tract of land that is used as a church camp is "a place of religious worship" within the meaning of the law involved and for that reason exempt from being taxed for ad valorem taxes.

The law controlling the decision of the question is contained in the Texas Constitution, Art. 8, Sec. 2 and in Art. 7150, V.A.C.S.

The Texas Constitution, Art. 8, Sec. 2(a) provides: "All occupation taxes shall be

equal and uniform upon the same class of subjects within the limits of the authority levying the tax; but the legislature may, by general laws, exempt from taxation . . *actual places of religious worship,* also any property owned by a church or by a strictly religious society for the exclusive use as a dwelling place for the ministry of such church or religious society, and which yields no revenue whatever to such church or religious society; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land; . . . and all laws exempting property from taxation other than the property mentioned in this Section shall be null and void." (Emphasis added.)

Article 7150, Sec. 1, V.A.C.S., provides: "The following property shall be exempt from taxation, to-wit: 1. Schools and Churches.—Public school houses and *actual places of religious worship,* also any property owned by a church or by a strictly religious society, for the exclusive use as a dwelling place for the ministers of such church or religious society . . . and the grounds attached to such buildings necessary for the proper occupancy, use and enjoyment of the same, and which yields no revenue whatever to such church or religious society; provided that such exemption as to the dwelling place for the ministers shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land." (Emphasis added.)

Findings of Fact and Conclusions of Law were filed by the trial court at the request of the plaintiff. The findings of fact have not been attacked by any party to the suit, prior to the filing of plaintiff's supplemental brief that is hereinafter mentioned.

Those findings of fact and conclusions of law are as follows:

## "FINDINGS OF FACT

"(1) Camp Crucis is a 155 acre tract of land with approximately thirty buildings, the title of which is held in the name of A. Donald Davies, Bishop of the Episcopal Diocese of North Texas. The camp is located in Hood County and the Granbury Independent School District and is used primarily in the summer months for a camp for children for periods from one to ten days.

"(2) There are nineteen cabins, a dining hall, minister's residence, two shower houses, two recreational buildings, one gathering building, an open-air chapel with a covered altar, a home for the caretaker, and a crafts building, two staff buildings, a swimming pool, tennis courts, grass volleyball and basketball courts and a baseball field. There is no roofed or inclosed church building.

"(3) The camp is administered by Reverend Hume W. Reeves who lives in the minister's residence on the grounds. He conducts church services in the City of Granbury each Sunday at the Granbury Episcopal Mission.

"(4) Camp Crucis is non-profit and is subsidized by the Episcopal Diocese. Fees are charged the campers, but they are not sufficient to defray all costs of operation.

"(5) The camp is used almost exclusively for camp purposes, although it has been used by the Optimists Club and a Square Dance Group uses it once a week during the winter months.

"(6) Activities at the camp consist of recreation, crafts and religious activities.

"(7) During the summer months the camp is used for sixty days for camping purposes. During the remaining months of the year, the camp is often used on weekends for church related activities.

"(8) The primary place where the religious services are held is the open-air chapel which has a covered altar mounted on a concrete slab. The benches for the congregation are fixed to the ground but they are not under cover.

"(9) One acre of land is necessary for air, light, ingress and egress, and decoration for the minister's residence.

"(10) One acre of land is necessary for air, light, ingress and egress, and decoration for the open-air chapel with covered chapel.

## "CONCLUSIONS OF LAW

"(1) The burden of proof rests upon the claimant of exemption from ad valorem taxes.

"(2) The open-air chapel with a covered altar is an actual place of religious worship and is exempt from ad valorem taxation under the provisions of Article VIII § 2 of the Texas Constitution and Article 7150 V.A.T.S.

"(3) The minister's residence is exempt from ad valorem taxation under the provisions of Article VIII § 2 of the Texas Constitution and Article 7150 V.A.T.S.

"(4) The remaining buildings and land are not actual places of religious worship and minister's residences and are therefore not exempt from ad valorem taxation.

"(5) The remaining 153 acres of land, after setting aside 1 acre each for the minister's residence and the open air chapel, is not exempt from ad valorem taxation."

■ Texas courts in construing the constitutional and statutory provisions purporting to grant exemptions from taxation give them a strict and narrow construction and will not extend an exempt status to property unless the controlling law clearly shows this to have been intended. *River Oaks Garden Club v. City of Houston,* 370 S.W.2d 851 (Tex.Sup., 1963); *City of Houston v. South Park Baptist Church of Houston,* 393 S.W.2d 354 (Houston, Tex.Civ.App., 1965, error ref.), and *Hilltop Village, Inc. v. Kerrville Independent School Dist.,* 426 S.W.2d 943 (Tex.Sup., 1968).

■ Exemptions from taxation are never favored and in construing laws providing for exemptions from taxation all doubts are resolved against exemption. *Santa Rosa Infirmary v. City of San Antonio,* 259 S.W. 926 (Tex.Com.App., 1924, op. ad.); *Methodist River Oaks Apartments, Inc. v. City of Waco,* 409 S.W.2d 485 (Waco, Tex.Civ.App., 1966, ref., n. r. e.) cert. den., 389 U.S. 848, 88 S.Ct. 75, 19 L.Ed.2d 117; *McClure v. City of Texarkana,* 435 S.W.2d 599 (Texarkana, Tex.Civ.App., 1968, er. dism.), and *City of Amarillo v. Love,* 356 S.W.2d 325 (Amarillo, Tex.Civ.App., 1962, ref., n. r. e.).

In deciding the question before us here we are governed by the holdings in the cases just cited above. There are many other cases by Texas Courts in addition to those that we have cited which hold the same way.

■ The burden is on one claiming exemption from taxation to prove the facts that clearly show that his property is entitled to be exempt from taxation. *Malone-Hogan Hosp. Clinic Found. v. City of Big Spring,* 288 S.W.2d 550 (Eastland, Tex.Civ. App., 1956, ref., n. r. e.) and *Trinity Methodist E. Church v. City of San Antonio,* 201 S.W. 669 (San Antonio, Tex.Civ.App., 1918, writ ref.).

The constitution and statute involved do not provide in so many words for the exemption from taxation of land owned by a church or other religious organization on which the owner operates a summer camp.

To be exempt from taxation the 155 acre tract involved here had to constitute within the meaning of the constitutional and statutory provisions involved an "actual place of religious worship."

If the plaintiff's evidence did no more than make out a fact issue on that question, then that fact issue has been finally determined against the plaintiff by the trial court's decree.

In order to set aside the trial court's judgment on this appeal the plaintiff must show that he introduced evidence during the trial that proved as a matter of law that the entire 155 acre tract was "an actual place of religious worship" within the meaning of the constitutional and statutory provisions involved.

We hold that plaintiff has not met that burden.

■ Texas courts have held that "actual places of religious worship", as the phrase is used in the constitutional and statutory provisions involved, means not only the church building wherein the services are held, but includes as much of the grounds adjacent to the building as is reasonably necessary for the proper occupancy, use and enjoyment of the building. *City of Houston v. Cohen,* 204 S.W.2d 671 (Galveston, Tex.Civ.App., 1947, ref., n. r. e.), and *Trinity Methodist E. Church v. City of San Antonio,* supra. The phrase does not include the ground belonging to the church that is near to or adjacent to the building that is not reasonably necessary for the proper occupancy, use and enjoyment of the building. The holdings in those cases are as near as Texas courts have come to defining the phrase "actual places of religious worship."

■ We hold that when the law established in the above cited cases is applied in construing the applicable constitutional and statutory provisions, the plaintiff did not prove that his entire 155 acre camp site is entitled to be exempt from taxation as being "an actual place of religious worship" within the meaning of such provisions.

The plaintiff has cited us to several out of state cases in support of his argument that the land on which a summer camp, such as the one involved here is operated, is exempt from taxation. Those cases are: *Morning Cheer v. Board of County Com'rs,* 194 Md. 441, 71 A.2d 255 (1950); *Flathead Lake Methodist Camp v. Webb,* 144 Mont. 565, 399 P.2d 90 (1965), and *North Idaho Jur. of Episcopal Ch., Inc. v. Kootenai Co.,* 94 Idaho 644, 496 P.2d 105 (1972).

Because of the differences in the law in some of the states involved in those cases from the Texas law involved here and because the facts involved in some of those cases are different from those involved here, we do not consider any of those cases as persuasive of how we should decide this case.

We realize, of course, that a strong argument can be made to the effect that the land on which a church camp such as Camp Crucis is operated should be exempt by law from taxation. But that is not the question that we have to decide in this case. Our question is simply: Does the Texas Constitution and Statutes as they are now worded provide for the exemption from the payment of ad valorem taxes of land on which a Church camp is operated in the manner that the plaintiff operates Camp Crucis?

We hold that the applicable law in Texas, as it now exists, does not exempt the land on which such a church camp is operated from the payment of ad valorem taxes.

On the tenth day after this case was argued to this Court, the appellant has filed a motion for leave to supplement his brief. We have, under Rule 431, T.R.C.P., permitted him to file such supplemental brief. In it appellant advances four additional points of error. His second point of error there advanced is that there is no evidence to support the trial court's conclusion of law that " '(T)he remaining buildings and lands are not actual places of religious worship and minister's residences and are therefore not exempt from ad valorem taxation.' " His third point of error is that the trial court's conclusion of law just referred to is so against the great weight and preponderance of the evidence as to be clearly wrong. His fourth point of error that he now advances is that the trial court erred in failing to find as a fact that all of Camp Crucis is an actual place of religious worship. In his fifth point of error he contends that the trial court erred in making the conclusion of law referred to in his second point of error (referred to above) because there are no findings of fact to support the conclusion.

We have considered all of these points of error and overrule each of them. What we have heretofore said in the opinion disposes of them.

The judgment is affirmed.