**A. Donald DAVIES, Bishop of the Episcopal Diocese of Dallas, Appellant,**

**v.**

**Milton MEYER, County Judge, et al., Appellees.**

**No. 18017.**

Court of Civil Appeals of Texas, Fort Worth.

Nov. 2, 1978.

Rehearing Denied Dec. 7, 1978.

Golden, Potts, Boeckman & Wilson and J. Katherine Swisher, Dallas, for appellant.

McCreary & Huey and Robert M. Huey, Austin, for appellees.

OPINION

SPURLOCK, Justice.

This is a suit in which A. Donald Davies, Bishop of the Episcopal Diocese of Dallas, is seeking declaratory relief. He requested the court to declare a church camp ground as being exempt from ad valorem taxation as land used in the religious, educational and physical development of boys and girls

under Article 7150–2a *. The Bishop holds legal title to the land. The trial court rendered judgment that such property is not so exempt. The Bishop appealed.

We affirm.

This is the second action for declaratory judgment filed by the Bishop of the Episcopal Diocese of Dallas seeking to have some land owned by him (as Bishop) and used as a church camp exempt from ad valorem taxation. In the first action, the Bishop claimed the land was exempt as an actual place of worship under Article 7150–1(a) *. In *Davies v. Meyer*, 528 S.W.2d 864, (Tex. Civ.App.—Fort Worth 1975), aff'd. 541 S.W.2d 827 (Tex.1976), the Texas supreme court affirming this court, held the land was not exempt under that provision except for one acre for the minister's house and one acre for an open air chapel. The supreme court expressly left undecided whether the land is exempt under Article 7150–2a * now claimed by the Bishop. Article 7150–2a * provides in part as follows:

"Religious, educational and physical development associations.—That all property owned or used exclusively and reasonably necessary, in conducting any association engaged in the *joint and threefold* religious, educational and physical development of boys and girls, young men and young women, operating under a State of National Organization of like character, and not leased or otherwise used with a view to profit other than for the purpose of maintaining the buildings and Association, . . . ." (Emphasis ours.)

The case was tried without a jury. From the record it appears that the only evidence offered was the testimony of the Bishop and his camp director. The trial court rendered judgment that the camp was not exempt except to the extent found by the supreme court. The trial court made findings of fact and conclusions of law. The findings of fact which support the conclusions of law that the camp is not exempt are as follows:

"(5) The camp is used for camp purposes for sixty days during the summer and it has been used during other times in the year by the Clergy Conference of the Diocese of Dallas, Parish Vestries, the Granbury Optimist Club, the Granbury Square Dance Club, the National Organization of Women, the Fort Worth League of Women Voters and the Distributive Education Class from Granbury High School.

"(8) There is no program at Camp Crucis which results in the strengthening of muscles or the building of the body.

"(11) In a six day period a child may get to play softball one afternoon.

"(12) The primary purpose of Camp Crucis is to create a religious atmosphere for children. The owner of the property, A. Donald Davies, Bishop of the Episcopal Diocese of Dallas, is 'not concerned about building muscles as that is not the Church's business unless it is spiritual muscles'.

"(13) There is nothing in the organization papers of the Episcopal Diocese of North Texas which states that it is formed for the purpose of religious, educational and physical development of boys and girls, young men and young women.

"(16) While the Camp is used for recreational purposes, there is no physical development program within the common definition of such term."

Based on these findings of fact the trial court made conclusions of law as follows:

"(1) Camp Crucis is not exclusively used for religious, educational and physical development of boys and girls, young men and young women.

"(2) Camp Crucis is not engaged in the joint and three-fold (sic) religious, educational and physical development of boys and girls, young men and young women, nor is it operating under a state or a national organization of like character.

"(3) Camp Crucis is not exempt from ad valorem taxation under the provisions of Article 7150, 2a, V.A.T.S.

"(4) Recreational activities at Camp Crucis do not constitute physical development."

* All references to statutes are to Tex.Rev.Civ. Stat.Ann.

The Bishop asserts only one point of error in complaint of the court's judgment:

"The trial court erred in failing to hold that Camp Crucis is a camp engaged in the joint and three-fold (sic) religious, educational and physical development of boys and girls, young men and young women and therefore exempt from ad valorem taxation under Article 7150–2a."

This point of error does not attack any of the findings of fact in the case. It is well settled that where findings of fact are not attacked by proper points of error, a reviewing court is bound by the facts as found. *Kroger Company v. Warren*, 420 S.W.2d 218 (Tex.Civ.App.—Houston [1st Dist.] 1967, no writ). Therefore, the Bishop's lone point of error raises the sole question of whether the facts as found require, as a matter of law, the conclusion that the entire camp is exempt from taxation under Article 7150–2a *. We hold that it is not exempt in view of the unchallenged findings of fact.

Since we are bound by facts that do not compel as a matter of law, nor even support, the conclusions needed for the exemption, we have no choice but to affirm the judgment of the trial court.

We affirm the judgment.