**NORTH ALAMO WATER SUPPLY CORPORATION, Appellant,**

v.

**WILLACY COUNTY APPRAISAL DISTRICT and Willacy County Appraisal Review Board, Appellees,**

**The Honorable Jim Mattox, The Attorney General of the State of Texas, Intervenor–Appellee.**

No. 13–88–145–CV.

Court of Appeals of Texas, Corpus Christi.

April 13, 1989.

Rehearing Denied May 11, 1989.

Glen R. Jarvis, Raymond A. Cowley, J.W. Dyer, McAllen, for appellant.

R. Russell Graham, Deborah S. Cartwright, Austin, for appellees.

Before DORSEY, UTTER and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

Appellant, North Alamo Water Supply Corporation, filed a claim with appellees, Willacy County Appraisal District and Willacy County Appraisal Review Board, seeking to exempt its property from ad valorem taxation for the tax year 1985 as a charitable organization pursuant to Tex.Tax Code Ann. § 11.18 (Vernon Supp.1988). Appellees denied the exemption. Appellant then filed suit for review of the denial. The trial court, sitting without a jury, rendered a judgment in favor of appellees, of which appellant now complains by seven points of error. We affirm.

Tex.Tax Code Ann. § 11.18(a) (Vernon Supp.1989) provides that an organization that qualifies as a "charitable organization" is entitled to an exemption from taxation of its buildings and tangible personal property. Subsections (c), (d), (e), and (f) provide the specific requirements which must be met for qualification:

(d) A charitable organization must be organized exclusively to perform religious, charitable, scientific, literary, or educational purposes and, except as permitted by Subsection (h) of this section, engage exclusively in performing one or more of the following charitable functions:

\* \* \* \* \* \*

(7) acquiring, storing, transporting, selling, or distributing water for public use;

\* \* \* \* \* \*

(e) A charitable organization must be operated in a way that does not result in

accrual of distributable profits, realization of private gain resulting from payment of compensation in excess of a reasonable allowance for salary or other compensation for services rendered, or realization of any other form of private gain and, if the organization performs one or more of the charitable functions specified by Subsection (d) of this section other than a function specified in Subdivision (1), (2), (8), (9), (12), or (16), be organized as a nonprofit corporation as defined by the Texas Non–Profit Corporation Act.

(f) A charitable organization must, by charter, bylaw, or other regulation adopted by the organization to govern its affairs:

(1) pledge its assets for use in performing the organization's charitable functions:

(2) direct that on discontinuance of the organization by dissolution or otherwise:

(A) the assets are to be transferred to this state or to an educational, religious, charitable, or other similar organization that is qualified as a charitable organization under Section 501(c)(3), Internal Revenue Code of 1986, as amended; or

(B) if required for the organization to qualify as a tax-exempt organization under Section 501(c)(12), Internal Revenue Code of 1986, as amended, the assets are to be transferred directly to the organization's members, each of whom, by application for an acceptance of membership in the organization, has agreed to immediately transfer those assets to this state or to an educational, religious, charitable, or other similar organization that is qualified as a charitable organization under Section 501(c)(3), Internal Revenue Code of 1986, as amended, as designed in the bylaws, charter, or regulation adopted by the organization.

Before the commencement of trial, the parties stipulated to the following facts: 1) appellant owns buildings and personal property within the boundaries of the Willacy County Appraisal District; 2) the corporation is operated in a way that does not result in the accumulation of distributable profits or the realization of any form of private gain; and 3) appellant, by "providing" and "distributing" water to the residents of Willacy County, assumes to a material extent what would otherwise be a governmental or community obligation.

The evidence adduced at trial consists exclusively of the testimony of appellant's manager, Walter Cross.

By its first and second points of error, appellant contends the trial court erred in failing to find that appellant is operated in a way that does not result in the realization of any form of private gain. Point of error five asserts that the court erred in failing to find that appellant is in the business of "delivering" water as set forth in section 11.18.

■ Each of the complained-of omitted findings relate to facts which were stipulated to by the parties.[1] The trial court has no duty to find facts that are undisputed or admitted. *Magee v. Westmoreland,* 693 S.W.2d 612, 617 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.); *Smith v. Brown Express,* 343 S.W.2d 550, 553 (Tex.Civ.App. —San Antonio 1961, writ ref'd n.r.e.). We overrule points one, two, and five.

Appellant asserts by his third point that the trial court erred in failing to enter appellant's requested finding that while the bylaws of North Alamo do not contain a separate pledge of its assets in the statutory language" as set forth in section 11.-18(f)(1), "Article IV of the articles of incorporation of North Alamo states its purpose to be that of furnishing a water supply for general farm use and domestic purposes to individuals residing in the rural community of North Alamo, Texas, and surrounding rural areas."

■ Appellant points out that the Articles of Incorporation were in evidence before the trial court and that they "established conclusively and as a matter of law"

---

**1.** The stipulation that appellant "provides" and "distributes" water is equivalent to a stipulation that the corporation "delivers" water.

the fact which appellant sought to be found. While this may be true, the statement in the articles that appellant "furnish[es] a water supply for general farm use and domestic purposes" does not amount to a charitable dedication of the corporation's assets as contemplated by section 11.18(f)(1). The requested finding is not material to the controlling issue of whether appellant pledged its assets for performance of *charitable* functions. As a trial court need not make findings which are immaterial to the outcome of a case, we overrule point three. *See Yates Ford, Inc. v. Benavides,* 684 S.W.2d 736, 739 (Tex. App.—Corpus Christi 1984, writ ref'd n.r. e.); *Texas Eastern Transmission Corp. v. Sealy Independent School District,* 572 S.W.2d 49, 51 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ).

■ Appellant contends by its fourth point that the trial court erred in its conclusion of law that "North Alamo is not a charitable organization acquiring, storing, transporting, selling or distributing water for public use within the meaning of section 11.18 of the Texas Property Tax Code" because the evidence establishes as a matter of law that appellant qualifies as a charitable organization.

When an appellant claims the court erred in a conclusion of law, attacking a finding on which he had the burden of proof, and maintains he has established the contrary as a matter of law, a two-part test is applied. First, the record must be examined for evidence that supports the finding while ignoring all evidence to the contrary. If there is no evidence to support the fact finder's answer, then secondly, the entire record must be examined to see if the contrary proposition was established as a matter of law. *Holley v. Watts,* 629 S.W. 2d 694, 696 (Tex.1982).

Section 11.18(f)(1) requires an organization seeking an exemption to show that its "charter, bylaw or other regulation" pledges the organization's assets for use in performing charitable functions. The court's conclusion of law that appellant was not a charitable organization was based in part on finding of fact number

seven: "North Alamo's bylaws do not expressly pledge its assets for use in performing charitable functions, nor do they provide for the exclusive performance of a charitable function."

On this point, Cross testified as follows:

Q. Does your charter or your bylaws pledge the assets of the corporation for use in performing a charitable function? You just said it doesn't, does it?

A. That is correct.

Q. All right. It doesn't pledge its assets for performing of any charitable function, does it?

A. That is correct.

This testimony directly supports Finding of Fact No. 7 and justifies court's conclusion that appellant is not a charitable organization. Point four is overruled.

■ Appellant argues by his sixth point that the trial court erred in its conclusion of law that "North Alamo is not a purely public charity" within the meaning of art. VIII, Sec. 2 of the Texas Constitution.

Tex. Const. art. VIII, § 2 authorizes the legislature to pass laws which exempt institutions of purely public charity from property taxation. Pursuant to that authority, the legislature enacted section 11.18 of the Tax Code in order to delineate the requirements for qualification as a "purely public charity." *See* Op.Tex.Atty.Gen. JM–682 (1987). The legislature may not broaden the exemption beyond the constitutional authorization, but must limit the exemption to purely public charities.

Appellant now contends that, contrary to the court's legal conclusion, it is an institution of purely public charity "because it fulfills the requirements of section 11.18" and because "no other requirements outside of that section need be fulfilled."

■ We agree that section 11.18 supercedes all prior common-law definitions of "purely public charity." However, in view of our disposition of point of error four, wherein we held that the evidence supports the court's conclusion that appellant does *not* satisfy the elements of section 11.18, we find that the trial court was justified in

concluding that appellant is not a "purely public charity" as described in Tex. Const. art. VIII, § 2. We overrule point six.

Point of error seven states:

THE TRIAL COURT ERRED IN ITS CONCLUSION OF LAW THAT "NORTH ALAMO IS NOT ENTITLED TO AN EXEMPTION FROM AD VALOREM TAXES FOR THE YEAR 1985" FOR THE REASON THAT NORTH ALAMO MEETS ALL STATUTORY AND CONSTITUTIONAL REQUIREMENTS AS A MATTER OF LAW AND THEREFORE IS ENTITLED TO AN EXEMPTION AS A MATTER OF LAW.

Given our disposition of points four and six, we overrule point seven.

■ By their first cross-point, appellees ask us to declare Tex.Tax Code Ann. § 11.18(d)(7) (Vernon 1989) unconstitutional on the grounds that it attempts to create an exemption from taxation for an organization which is not a public charity. This we decline to do. A court will not pass on the constitutionality of a statute if the particular case before it may be resolved on another basis. *San Antonio General Drivers, Helpers Local No. 657 v. Thornton,* 299 S.W.2d 911, 915 (Tex.1957); *Willacy County Appraisal District v. North Alamo Water Supply Corp.,* 676 S.W.2d 632, 640 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). Cross-point one is overruled.

■ Appellees assert by their second cross-point that the sanctions authorized by Tex.R.App.P. 84 should be invoked. Rule 84 provides:

In civil cases where the court of appeals shall determine that an appellant has taken an appeal for delay and without sufficient cause, then the court may, as part of its judgment, award each prevailing appellee an amount not to exceed ten percent of the amount of damages awarded to such appellee as damages against such appellant. If there is no amount awarded to the prevailing appellee an money damages, then the court may award, as part of its judgment, each prevailing appellee an amount not to ex-

ceed ten times the total taxable costs as damages against such appellant.

Appellees point out that in 1984 this Court reviewed the status of appellant and concluded that the corporation was not entitled to an exemption from ad valorem taxes. *North Alamo,* 676 S.W.2d at 642. They contend that appellant's appeal is "frivolous" because there have been no "significant changes" in the facts of the case since 1984.

A review of our previous opinion, however, reveals that the denial of tax exemption was based on: 1) the ability of North Alamo members to sell their membership at a premium, thereby allowing the realization of a form of "private gain" in contravention of the language of section 11.18(e); and 2) the failure of appellant's bylaws to comport with the requirements of section 11.18(f)(2).

Both of the foregoing defects were remedied in 1984 via amendments to the corporate bylaws. Hence, we cannot conclude that the present appeal was brought under the same circumstances as those which existed at the time of our 1984 decision. Cross-point two is overruled.

The judgment of the trial court is AFFIRMED.