**SHARYLAND WATER SUPPLY CORPORATION, Appellant,**

v.

**HIDALGO COUNTY APPRAISAL DISTRICT, Appellee.**

No. 13–88–254–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 21, 1989.

Rehearing Overruled Jan. 11, 1990.

J.W. Dyer, R. Glenn Jarvis, Jarvis, Schwartz & Kittleman, McAllen, for appellant.

Richard S. Talbert, Weslaco, for appellee.

Before NYE, C.J., and KENNEDY, and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

Our original opinion in this case [1] is withdrawn, and we substitute this opinion in its place.

Sharyland Water Supply Corp. (Sharyland) appeals the trial court's judgment rendered in favor of the Hidalgo County Appraisal District and the Appraisal District Review Board (Appraisal Authorities) which denied Sharyland an exemption as a charitable organization from ad valorem property taxes. By five points of error, Sharyland challenges the legal and factual sufficiency of the evidence to support the trial court's judgment denying it exemption from ad valorem property taxation as a charitable organization. We affirm.

Sharyland is incorporated as a non-profit corporation. Its purposes as set forth in its "ARTICLES OF INCORPORATION" are as follows:

> The Corporation is formed for the purpose of furnishing a water supply for general farm use and domestic purposes to individuals residing in the rural community of Sharyland, Texas, and the surrounding rural areas.

In January 1986, Sharyland applied for an exemption from ad valorem taxes on its buildings and tangible personal property on the basis that it qualified as a charitable organization under the Texas Tax Code. Tex. Tax Code Ann. § 11.18 (Vernon 1982). In June 1986, the Hidalgo County Appraisal District denied the application. Sharyland sent a notice of protest in July 1986. It was denied in September 1986. The evidence shows that all ad valorem taxes due to Hidalgo County for 1986 were paid in full prior to the delinquency date.

The case was presented on stipulated facts. *See* Tex.R.Civ.P. 263. Based on the agreed and stipulated facts, the trial court found that (1) Sharyland was not organized as required by Tex. Tax Code Ann. § 11.18(c)(1); (2) Sharyland does not provide services without regard to ability to pay and is not a purely public charity as required by art. VIII, section 2 of the Texas Constitution; and (3) Sharyland is not entitled to an exemption from ad valorem taxes under section 11.18.

In an appeal from a judgment rendered on stipulated facts, findings of facts or conclusions of law need not be filed. The appeal is limited to the sole issue of the correctness of the application of the law to the admitted facts. The trial court and reviewing courts are limited to such agreed facts. *Reed v. Valley Federal Savings & Loan Co.*, 655 S.W.2d 259, 264 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

Appraisal Authorities contend the issue before us is moot because Sharyland voluntarily paid the full amount of taxes assessed against it in 1986, instead of the lesser amount permitted by section 42.08(b) of the Tax Code. They refer us to the long-standing "voluntary payment rule" which prohibits relief on appeal when taxes are paid in full and there is no showing of duress or mutual mistake, even in light of a showing that the taxes were paid under protest. *See State v. Connecticut General Life Insurance Co.*, 382 S.W.2d 745 (Tex. 1964); *Crow v. City of Corpus Christi*, 146 Tex. 558, 209 S.W.2d 922, 924 (1948); *Howell v. City of Dallas*, 549 S.W.2d 36, 37 (Tex.Civ.App.—Waco 1977, writ ref'd n.r. e.).

The voluntary payment rule is most often applied to cases challenging valuation of property, but it is applicable to cases involving claimed tax exemptions as well. *See Amplifone Corp. v. Cameron County*, 577 S.W.2d 567 (Tex.Civ.App.—Corpus Christi 1979, no writ). It is still a viable

---

**1.** *Sharyland Water Supply Corp. v. Hidalgo County Appraisal District,* No. 13-88-254-CV, 1989 WL 70269 (Tex.App.—Corpus Christi June 29, 1989) (opinion withdrawn).

principle with the Tax Code effective in 1982. *See Hunt County Tax Appraisal District v. Rubbermaid, Inc.*, 719 S.W.2d 215 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

Under the Tax Code, to preserve the right to appeal, the property owner must comply with section 42.08. The Act of June 13, 1979, ch. 841, Sec. 42.08(b), 1979 Tex.Gen. & Spec.Laws 2217, *amended by* Act of June 15, 1989, ch. 796, Sec. 43, 1989 Tex.Sess.Law Serv. 3604 (Vernon), provides:

> (b) A property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection *before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal.* The amount of taxes the property owner must pay on the property before the delinquency date to comply with this subsection is:
>
> > (1) the amount of taxes due on the portion of the taxable value of the property that is not in dispute or the amount of taxes imposed on the property in the preceding year, whichever is greater; or
> >
> > (2) the amount of taxes due on the property under the order from which the appeal is taken.
>
> (c) A property owner that pays the amount of taxes greater than that required by Subsection (b) does not forfeit the property owner's right to a final determination of the appeal by making the payment. If the property owner files a timely appeal under this chapter, taxes paid on the property are considered paid under protest, even if paid before the appeal is filed.

Furthermore, the Act of June 15, 1989, ch. 796, Sec. 49(a), 1989 Tex.Sess.Law Serv. 3606 (Vernon), provides that this Act takes effect September 1, 1989, except that:

> .    .    .    .    .
>
> (i) The change in law made by Section 43 of this Act applies to an appeal under Chapter 42, Tax Code, without regard to whether the appeal was filed or the taxes paid before the effective date of that section.

Sharyland paid the full amount of taxes assessed for the tax year 1986 and appeals the trial court's order denying an ad valorem tax exemption for the year 1986. The Appraisal Authorities do not argue that Sharyland failed to either pay its 1986 taxes prior to the delinquency date, or file a timely appeal. Therefore, according to the Act of June 15, 1989, ch. 796, Sec. 43, Sharyland has preserved its right to appeal.

■ By point one, Sharyland complains the trial court erred by failing to find that it was organized as required by Tex. Tax Code Ann. § 11.18(c)(1), as this fact was conclusively proven as a matter of law. The burden to establish the requirements for exemption from taxation is on the institution claiming the exemption. The exemption must be proved in a manner that leaves no doubt. In such cases, exemptions from taxation are never favored, and, in construing laws exempting an organization, all doubts must be resolved against the institution claiming the exemption. *Willacy County Appraisal District v. North Alamo Water Supply Corp.*, 676 S.W.2d 632, 635–36 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). In Texas, both statutory and constitutional provisions purporting to grant exemption from taxation will be given a narrow and strict construction, and all doubts must be resolved against the granting of the tax exemption. *Davies v. Meyer*, 528 S.W.2d 864, 867 (Tex. Civ.App.—Fort Worth 1975), *aff'd*, 541 S.W.2d 827 (Tex.1976).

■ Tex. Tax Code Ann. § 11.18(a) (Vernon Supp.1989) provides that an organization that qualifies as a "charitable organization" is entitled to an exemption from taxation of its buildings and tangible personal property. The relevant subsections under which an organization qualifies for this exemption provide as follows, in pertinent part:

> (c) To qualify as a charitable organization for the purposes of this section, an organization, whether operated by an individual, as a corporation, as a founda-

tion, as a trust, or as an association, must meet the applicable requirements of Subsections (d), (e), (f), and (g) of this section.

(d) A charitable organization must be organized exclusively to perform religious, charitable, scientific, literary, or educational purposes and ... engage exclusively in performing one or more of the following charitable functions:

. . . . .

(7) acquiring, storing, transporting, selling, or distributing water for public use;

. . . . .

(f) A charitable organization must, by charter, by law, or other regulation adopted by the organization to govern its affairs:

(1) pledge its assets for use in performing the organization's charitable functions; . . . .

Thus, section 11.18(f)(1) requires an organization seeking an exemption to show that its "charter, bylaw, or other regulation" pledges the organization's assets for use in performing charitable functions. Nothing contained in Sharyland's charter, bylaws or other regulations make such pledges. The statement in Sharyland's articles that "The Corporation [Sharyland] is formed for the purpose of furnishing a water supply for general farm use and domestic purposes to individuals residing in the rural community of Sharyland, Texas, and the surrounding rural areas," does not amount to a charitable dedication of the corporation's assets as contemplated by section 11.18(f)(1). *North Alamo Water Supply Corp. v. Willacy County Appraisal District*, 769 S.W.2d 690, 693 (Tex.App.—Corpus Christi 1989, writ pending). We hold, therefore, that the evidence supports the trial court's conclusion that Sharyland is not entitled to an ad valorem property tax exemption under section 11.18.

By point two, Sharyland complains the trial court erred by requiring it to be a "purely public charity" in order to have its property exempt from ad valorem property taxation. Specifically, Sharyland contends the trial court misapplied the law to the facts. According to Sharyland, the correct standard is whether it is a charitable organization, not whether it is a "purely public charity."

■ The trial court held that Sharyland is not a purely public charity as required by article VIII, section 2 of the Texas Constitution. Article VIII, section 2 authorizes our legislature to pass laws which exempt institutions of purely public charity from property taxation. Pursuant to that authority, our legislature enacted section 11.18 of the Tax Code in order to delineate the requirements for qualification as a "purely public charity." *See* Op.Tex.Atty.Gen. JM–682 (1987). The legislature may not expand the exemption beyond the constitutional authorization, but must limit the exemption to purely public charities. *North Alamo Water Supply*, 769 S.W.2d at 693.

■ Sharyland nevertheless maintains that it is entitled to the exemption claimed because it has satisfied the requirements of section 11.18. However, in light of our disposition of point one, wherein we held that the evidence supports the trial court's conclusion that Sharyland does not meet the elements of section 11.18(f)(1), we also conclude that the trial court was justified in concluding that Sharyland is not a "purely public charity" as described by Tex. Const. art. VIII, sec. 2.

By points three, four, and five, Sharyland argues that it is entitled to an exemption from ad valorem property taxes because, as a matter of law, it has established itself as a charitable organization under the exemption statute. Our disposition of point one, wherein we held that Sharyland failed to meet the separate requirements of section 11.18(f)(1), determines these points of error. Therefore, we need not address these points. We have carefully considered all of Sharyland's points of error and they are overruled. The judgment of the trial court is AFFIRMED.